IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: <br><br> Reagor-Dykes Motors, LP, et al. <br><br> Debtors, | Case No. 18-50214-rlj-11 <br> Jointly Administered |
| Reagor-Dykes Motors, LP, <br> Reagor-Dykes Imports, LP, <br> Reagor-Dykes Amarillo, LP, <br> Reagor-Dykes Auto Company, LP, <br> Reagor-Dykes Plainview, LP, and <br> Reagor-Dykes Floydada, LP, <br> Reagor Auto Mall, Ltd., <br> Reagor-Dykes Snyder, L.P., <br> Reagor-Dykes Auto Mall I LLC, <br> Reagor-Dykes II LLC, <br> Reagor-Dykes III LLC, <br><br> *Plaintiffs* <br><br> vs. <br><br> Ford Motor Credit Company, LLC, <br><br> *Defendant* | Adversary No. 20-05005-rlj |

### CREDITORS' TRUSTEE DENNIS FAULKNER'S (AS SUCCESSOR TO DEBTOR PLAINTIFFS) REPLY IN SUPPORT OF MOTION TO STRIKE

Creditors' Trustee Dennis Faulkner (as successor to Debtors, "the Trustee") files this reply in support of the Motion to Strike (Dkt. 26) and Brief in Support (Dkt. 27) as follows:

### I.
### INTRODUCTION

FMCC ignores established rules requiring a motion to dismiss to be decided on the factual allegations in the Complaint. The Court can take judicial notice of the fact that a public filing or pleading exists, but FMCC invents a "basic background fact" exception that would allow the Court

to consider any public filing for the truth of its contents. In labeling FMCC's inquiry notice of Debtors' fraud a "background fact," FMCC also attempts to eliminate the good faith requirement from section 548(c). FMCC also claims that there is no requirement to attach a document to the motion to dismiss even if the document was not attached to the Complaint, but Fifth Circuit precedent is to the contrary. FMCC cannot make its own rules.

Perhaps knowing that it is simply making up the rules as it goes, FMCC attempts to distance itself from its use of these documents in many instances by claiming that the information is not factually material. Of course, if the information is not factually material, it begs the question of why FMCC is fighting to have it considered. Its arguments are self-defeating.

FMCC also resorts to mischaracterization of the facts. FMCC continues to pedal the same false narrative that the District Court has already determined in connection with proceedings against Debtors' former owners that FMCC acted in good faith even though the orders had nothing to do with inquiry notice. FMCC also falsely claims that the District Court in those same proceedings rejected Debtors' allegations regarding good faith, even though the Debtors were removed from the District Court action. When confronted with the fact that Debtors never "judicially admitted" and this Court never "determined" that FMCC had a perfected security interest in Debtors' commingled bank accounts, FMCC pretends it only alleged a security interest in proceeds of collateral in those accounts. However, FMCC's alleged security interest in proceeds does not change the fact that money in Debtors' commingled accounts presumptively belongs to Debtors because FMCC never traced the proceeds and Debtors controlled the accounts.

Rule 12(b)(6) requires the Court to accept well-pled facts as true and view them in the light most favorable to the Trustee. FMCC should not be allowed to use over fifty extraneous documents in contravention of this rule.

## II.
## ARGUMENT AND AUTHORITIES

### A.     FMCC Grossly Misconstrues The Motion To Dismiss Standard

FMCC contends that the Trustee is inappropriately limiting the evidence that the Court can consider when deciding FMCC's motion to dismiss, but the rules explicitly require the Court to limit its inquiry to facts stated in the Complaint. *Lovelace v. Software Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). There are two narrow circumstances in which the Court can consider documents outside of the Complaint: incorporation-by-reference and the judicial-notice doctrine. *Id*. at 1017-18. Incorporation by reference allows the Court to consider extrinsic evidence if (1) ***FMCC attaches the document to its motion***, (2) the Trustee refers to the document in the Adversary Complaint, and (3) the document is central to the Trustee's claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (emphasis added). Contrary to FMCC's claims, there is no exception to the first requirement if FMCC "specifically referenc[es]" a document in the motion to dismiss or if the Adversary Complaint provides a "direct reference" to a document;[1] FMCC must attach the document to its motion. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536-37 (5th Cir. 2003) (finding the district court erred when it considered a report that was not attached to the motion); *Kaye v. Lone Star Fund V (U.S.), LP*, 453 B.R. 645, 662 n.16 (N.D. Tex. 2011) (the document must be attached as an exhibit to become part of the pleadings so that it is no longer a "matter[] outside the pleadings."). The fact that a document is publicly available is not a substitute for attaching it. *Scanlan*, 343 F.3d at 536-37. FMCC did not attach any documents to

---

[1] Defendant Ford Motor Credit Company LLC's Brief In Opposition To Trustee Dennis Faulker's (As Successor To Debtor Plaintiffs) Motion to Strike [Dkt. 36] ("Response to Motion to Strike") at 2, 17 n.7. The cases that FMCC cites state that the documents must be attached to the motion to dismiss, and none of them suggest that a "direct reference" to a document is sufficient to satisfy this requirement. *See In re Xtreme Power Inc.,* 563 B.R. 614, 629-30 (Bankr. W.D. Tex. 2016) (stating that the documents must be "attached" to the motion to dismiss, and finding that the motion "included" the document); *In re Superior Air Parts, Inc.*, 486 B.R. 728, 732 n.1 (Bankr. N.D. Tex. 2012) (finding that the documents at issue were "attached to the Current Motion to Dismiss"); *In re Crymes*, 16-10206-rlj13, 2018 WL 4006320 at *3 (Bankr. N.D. Aug. 20, 2018) (same).

its motion to dismiss, and the Wholesale Agreements, Security Agreements and UCC-1 financing statements are not incorporated into the Complaint by reference.[2]

FMCC also attempts to use public records as an end run around the motion to dismiss standard. Public records can, in some circumstances, be judicially noticed when considering a motion to dismiss, but they "should be considered only for the purpose of determining what statements the documents contain, ***not to prove the truth of the documents' contents***." *Lovelace*, 78 F.3d at 1018 (emphasis added). FMCC ignores this standard and argues that the Court can consider evidence it "has previously received" for its truth, including the testimony of FMCC.[3] According to FMCC, if it previously made a statement to this Court, it must be taken as true. This is not the law, and FMCC cites no cases that use judicial notice to consider hearing testimony for its truth when ruling on a motion to dismiss.[4]

FMCC also contends that the Court may consider any public record for the truth of its contents so long as the fact that the document allegedly supports is not explicitly used as a basis for dismissing the Trustee's claims.[5] Similarly, FMCC argues that the Court may consider extrinsic documents for the truth of their contents if the alleged fact contained therein is not an "issue of fact" that "precludes dismissal" of the Trustee's claims.[6] In short, FMCC asserts that the Court can consider extrinsic documents for the truth of a fact that FMCC subjectively labels as a

---

[2] Response to Motion to Strike at 16-18. It bears noting that, even if FMCC had attached these documents, it cannot demonstrate that these documents are "central" to the Trustee's claims. *Kaye*, 453 B.R. at 662-63 (document was not central because it was not necessary to establish an element of any of the claims but was merely one piece of evidence used to support allegations).

[3] Response to Motion to Strike at 15-16 ("[T]his evidence establishes, as a matter of law, the Ford Credit maintained a properly-perfected security interest in all of Debtors' assets").

[4] Both cases FMCC relies on involve a court taking judicial notice of the entire docket during a plan confirmation hearing. *See In re Idearc Inc.*, 423 B.R. 138, 146 n.5 (Bankr. N.D. Tex. 2009); *In re Vitro Asset Corp.*, No. 11–32600–hdh, 2013 WL 6044453 at *1 (Bankr. N.D. Tex. Nov. 14, 2013).

[5] Response to Motion to Strike at 4 ("[N]either of these alleged issues of fact have any bearing on Ford Credit's Motion to Dismiss or otherwise preclude dismissal of the claims asserted in the Adversary Proceeding.")

[6] *Id*. at 1 ("[N]one of them raise any 'issues of fact' that preclude dismissal of the Adversary Proceeding.").

-4-

"basic background fact."[7] Setting aside the absurdity of arguing the Court can consider what FMCC claims to be irrelevant, this argument has no support in the law.[8] There is no "background fact" exception that allows judicially-noticed documents to be considered for their truth.

The requirement of judicial notice that a fact must "not be subject to reasonable dispute," Fed. R. Evid. 201(b), does not support FMCC's position. Undisputed in the context of judicial notice means that the fact is generally known within the territorial jurisdiction or is capable of accurate and ready determination from unquestionably accurate sources; it does not mean that the fact not "in dispute" within a particular lawsuit. *Id.*; *Scanlan*, 343 F.3d at 537. While the Court could take judicial notice of the fact that the cited lawsuits and public records exist, *Giles v. City of Dallas*, 539 F. App'x 537, 542 n.1 (5th Cir. 2013), that fact has no bearing on the motion to dismiss and FMCC has not cited the documents for that purpose. FMCC does not deny that it is asking the Court to consider the extrinsic documents for the truth of their contents. On this basis alone, the Court should strike all of the documents cited in FMCC's Motion to Dismiss.

**B.     FMCC Is Seeking To Prove Disputed Facts With Extrinsic Evidence**

If the Court is inclined to consider FMCC's novel "background fact" exception, these are not simply background facts; all of the facts FMCC attempts to disprove are part of the Trustee's allegations and are material to the Trustee's claims or FMCC's defenses. The Trustee's allegations must be taken as true for purposes of the motion to dismiss.

---

[7] *Id*. at 1, 7-9.

[8] The cases FMCC cites do not espouse a "background fact" exception. The Fifth Circuit in *Krystal One Acquisitions, L.L.C. v. Bank of Am., N.A.*, 805 Fed. App'x 283, 287 (5th Cir. 2020) did not consider public records for the truth of their contents but instead considered (1) the date a separate lawsuit was filed for statute of limitations purposes and (2) the legal effect of a prior order that gave the defendant the right to conduct the foreclosure sale that the plaintiff was seeking to stop. Similarly, the Court in *Nixon v. Goldman Sachs Mortgage Corp.*, No. 3:16-CV-597-L, 2016 WL 3763425, at *3 n.2 (N.D. Tex. July 14, 2016) judicially noticed Texas Secretary of State filings and documents in another civil action "with respect to matters that [were] not in dispute" to help determine the citizenship of a corporation for subject-matter jurisdiction purposes.

1. <u>FMCC's Inquiry Notice Of Debtors' Fraud Is Material To FMCC's Defense</u>

FMCC attempts to downplay the importance of its lack of good faith because there are detailed allegations demonstrating FMCC's inquiry notice of Debtors' fraud. FMCC claims that providing value—standing alone—is an "absolute defense" to an actual fraudulent transfer claim.[9] However, the Bankruptcy Code unambiguously requires FMCC to prove that it provided value *and* that it received the transfers in "good faith."[10] 11 U.S.C. § 548(c). FMCC's defense that it provided value only answers half of the statutory question; good faith remains a material, disputed fact in this case.

Although it is FMCC's burden to plead and prove good faith, the Complaint is replete with allegations that FMCC had inquiry notice of Debtors' fraud long before Debtors' bankruptcy filings.[11] These facts must be taken as true. FMCC does not deny that it cited to its own pleadings in *Ford Motor Credit Co. LLC v. Reagor-Dykes Amarillo, L.P., et al.,* Case No. 5:18-cv-00186-c and to guilty pleas of Shane Smith and 13 other former employees to prove the "truth" regarding FMCC's notice of or participation in Debtors' fraud.[12] The Court should reject FMCC's invitation to consider these pleadings for the truth of their contents when deciding the motion to dismiss. *In re Xtreme Power Inc.*, 563 B.R. at 631.

FMCC's allegation that the District Court in *Ford Motor Credit Co. LLC v. Reagor-Dykes Amarillo, L.P., et al.,* Case No. 5:18-cv-00186-c rejected "***Debtors'*** unsupported allegations"

---

[9] Defendant Ford Motor Credit Company LLC's Brief In Support Of Motion To Dismiss Debtors' Complaint [Dkt. 16] ("Motion to Dismiss") at 13-14.

[10] Creditors' Trustee Dennis Faulkner's (As Successor To Debtor Plaintiffs) Brief In Support Of Response To Defendant Ford Motor Credit Company LLC's Motion To Dismiss Complaint [Dkt. 29] ("Response to Motion to Dismiss") at 15-17.

[11] *Id*. at 18-19.

[12] Response to Motion to Strike at 6-8 (citing *Ford Motor Credit Co. LLC v. Reagor*, Case No. 5:18-cv-00186-c, Dkts. 1, 36, 39, 42, and 48; *United States v. Smith*, No. 2:19-cr-079-D-BR, Dkt. 11). Although FMCC alleges that the Trustee has not addressed the consideration of all of the guilty pleas, Response to Motion to Strike at 11 n.1, the Trustee did object to the consideration of these documents for their truth. Brief In Support Of Creditors' Trustee Dennis Faulkner's (As Successor To Debtor Plaintiffs) Motion To Strike [Dkt. 27] ("Motion to Strike") at 8-9.

regarding FMCC's inquiry notice is particularly misleading.[13] Debtors were removed from the lawsuit due to the automatic stay. FMCC cannot claim res judicata or issue preclusion because Debtors were not involved. Further, any holding in the District Court that liquidated the claim outside of the Bankruptcy Court would have violated both due process and the automatic stay. 11 U.S.C. § 362. The District Court's findings do not bind the Trustee. More importantly, the District Court's orders have nothing to do with good faith under 11 U.S.C. § 548(c). The District Court never made a factual finding regarding FMCC's notice of Debtors' fraud and instead decided the motions based on legal arguments that are inapplicable here.[14] FMCC failed to address these shortcomings in its arguments and instead continues to mischaracterize the scope and import of the District Court's orders.

### 2. FMCC's Claims Against Debtors Are Contested

FMCC attempts to prove the amount of its outstanding claims and repeatedly asserts that it is the Debtors' largest creditor in an effort to paint itself as Debtors' unwitting victim and support vague allegations that the Trustee's claims are "inequitable."[15] The amount of money FMCC allegedly lost is not relevant to the Trustee's fraudulent transfer claims because FMCC lacks good faith. *Gowan v. The Patriot Group, LLC (In re Dreier LLP)*, 452 B.R. 391, 427 (Bankr. S.D.N.Y. 2011). Nonetheless, FMCC has asserted a defense based on these alleged facts, making them more than "basic background facts" in the motion to dismiss. Further, the amount of FMCC's claims remain contested. The District Court could not have liquidated FMCC's claims against Debtors without violating both due process and the automatic stay. 11 U.S.C. § 362. These are disputed

---

[13] Response to Motion to Strike at 8 (emphasis added) (discussing *Ford Motor Credit Co. LLC v. Reagor*, Case No. 5:18-cv-00186-c, Dkts. 36, 39, 42, and 48).

[14] Motion to Strike at 12-14.

[15] Motion to Dismiss at 3, 7 (citing *In re Reagor-Dykes Motors, LP, et al.*, Case No. 18-50214-rlj-11, Dkts. 11, 421, 423, 425, 427, 429, 431, and 1390; *United States v. Smith*, No. 2:19-cr-079-D-BR, Dkt. 11; *Ford Motor Credit Co. LLC v. Reagor-Dykes Amarillo, L.P., et al.*, Case No. 5:18-cv-00186-c, Dkts. 1, 49, and 104.).

facts, and the truth of the documents FMCC cites to support these facts should not be considered under the judicial notice doctrine.

### 3. FMCC Tacitly Acknowledges It Has Not Perfected A Security Interest In Debtors' Commingled Deposit Accounts

After repeatedly claiming that extrinsic documents prove that "Debtors judicially admitted" and that "this Court has already determined" that Ford Credit "held properly-perfected, first priority security interests in essentially all of the Dealership's assets" including "all of the Dealership's accounts,"[16] FMCC now backpedals and claims only that it holds a security interest in proceeds of collateral in those accounts.[17] FMCC must make this admission because the extrinsic documents—even if they could be considered for their truth—do not support FMCC's previous position.[18] This concession eviscerates FMCC's claim that Debtors' fraudulent transfers to FMCC were not "property of the debtor."[19] The Complaint alleges that Debtors' accounts commingled FMCC's proceeds with proceeds from other lenders and proceeds from check kiting. Complaint ¶ 81. Reagor-Dykes also used proceeds from FMCC's collateral to pay other expenses, and there was often never any actual collateral securing FMCC's loan. *Id.* ¶¶ 28-31. The Complaint further alleges that FMCC was paid, in substantial part, from proceeds of check kiting and fraudulent loans. *Id.* ¶¶ 43-46. "A substantial portion of Reagor-Dykes' check-kiting activity

---

[16] Motion to Dismiss at 10 (citing *In re Reagor-Dykes Motors, LP, et al.*, Case No. 18-50214-rlj-11, Dkts. 30, 134, 192, 421, 423, 425, 427, 429, 431, 476, 567, 764, 854, 865, and 890); *see also id.* at 2 (citing *In re Reagor-Dykes Motors, LP, et al.*, Case No. 18-50214-rlj-11, Claim 83-1, Part 2, Exhibits B, C, E, F, H, I, K, L, N, O, Q, R, S, T).

[17] Response to Motion to Strike at 11-16.

[18] Motion to Strike at 11-16. FMCC claims that the Court can take judicial notice of the contents of bankruptcy schedules and consider them for their truth. Response to Motion to Strike at 13 n.4. *In re James* says the opposite: "[J]udicial notice can be taken as to the existence of documents, such as proofs of claim or a debtor's schedules, without inquiring whether the information contained in them is true." *In re James*, 300 B.R. 890, 895 (Bankr. W.D. Tex. 2003). FMCC cites *In re Rollings,* 451 Fed. App'x 340, 348 (5th Cir. 2011) to claim the Court can judicially notice facts in the schedules, but *Rollings* relates to judicial admissions. The Trustee has shown that the schedules did not contain a judicial admission that FMCC had a perfected security interest in Debtors' deposit accounts, Motion to Strike at 14, and therefore the judicial admission doctrine is inapplicable.

[19] Response to Motion to Dismiss at 5-7.

occurred in the accounts from which funds were paid to FMCC." *Id.* ¶ 45. These allegations must be taken as true, and FMCC's citations to supposed "admissions" and "findings" do not change the fact that FMCC has no control over Debtors' commingled accounts (*id.* ¶ 82) and that FMCC was not paid solely from proceeds of its collateral.

Since FMCC never controlled Debtors' commingled accounts and never traced the proceeds of its collateral, the money Debtors fraudulently transferred to FMCC is presumptively property of the Debtors.[20] By the same token, FMCC's failure to trace proceeds prohibits FMCC's reliance on its alleged secured status to dismiss the Trustee's preferential transfer claims.[21] FMCC now claims it does not need a perfected security interest in Debtors' deposit accounts because it has a security interest in proceeds in those accounts. But the key issue is control of the commingled accounts, which FMCC admittedly does not have. *In re Southmark Corp.*, 49 F.3d 1111, 1117 n.15 (5th Cir. 1995). This is true whether or not Debtors actually own all of the funds in the account. *Id.* at 1117 n.17.

### C. The Court Should Not Consider Extrinsic Documents For The Truth Of Their Contents Without Conversion To A Motion For Summary Judgment

FMCC claims that the Court can consider extrinsic documents for the truth of their contents without converting the motion to a motion for summary judgment. As shown above, FMCC presents matters outside of the pleadings and therefore FMCC's motion to dismiss "must be treated as one for summary judgment" if the Court does not exclude them. Fed. R. Civ. P. 12(d). FMCC further contends that, even if the motion is converted, the Trustee is not entitled to limited discovery because the documents relate to "background facts" and are not "'issues of fact' precluding dismissal…."[22] As discussed above, all of the facts FMCC attempts to prove with

---

[20] Response to Motion to Dismiss at 12-16.
[21] Response to Motion to Dismiss at 22-23.
[22] Response to Motion to Strike at 20 n.8.

-9-

extraneous documents are relevant to the Trustee's claim or FMCC's defenses. The Trustee has submitted an affidavit specifying the limited discovery required to address these factual issues. The Trustee should not be denied an opportunity for discovery on contested factual issues simply because FMCC ignores relevant law (such as the requirement of good faith) to claim that these facts are not important.

Curiously, FMCC relies on a case that proves the Trustee's point. In *Acevedo v. Quicken Loans, Inc.*, the defendants attached an affidavit to their motion to dismiss to support an asserted affirmative defense. 2014 WL 12577401, at *3 (S.D. Tex. Jan. 31, 2014). The Court found that a motion to dismiss was an improper procedural mechanism for it to consider affirmative defenses[23] and that more discovery was required to adequately determine the dispute. *Id.* at *3. The Court found that summary judgment was more appropriate "since it ensures that all relevant factual and legal arguments are before the Court." *Id.* at *3-4. The Trustee should be given the same opportunity to present all relevant evidence and arguments regarding these disputed issues if the Court decides not exclude the extrinsic documents.

## III.
## CONCLUSION

The Trustee requests that the Court exclude FMCC's extrinsic evidence in accordance with the standards for determination of a motion to dismiss. Alternatively, if the Court decides to consider the extrinsic evidence, the Trustee asks that the Court convert the motion to dismiss to a motion for summary judgment, provide the Trustee notice of the conversion, grant the Trustee limited discovery, and grant the Trustee a reasonable opportunity to respond and present pertinent evidence.

---

[23] A determination regarding good faith is also inappropriate at the motion to dismiss stage because it is an affirmative defense FMCC must plead and prove. Response to Motion to Dismiss at 15.

Date: 20 November 2020          Respectfully submitted,

**BRACEWELL LLP**

By: */s/ Bryan S. Dumesnil*
    Bryan S. Dumesnil
    State Bar No. 00793650
    bryan.dumesnil@bracewell.com
    Bradley J. Benoit
    State Bar No. 24012275
    brad.benoit@bracewell.com
    Diane M. Crabtree
    State Bar No. 24046966
    diane.crabtree@bracewell.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    (713) 223-2300 - Telephone
    (800) 404-3970 – Facsimile

**STRICKLIN LAW FIRM, P.C.**

By: */s/ Samuel M. Stricklin*
    Samuel M. Stricklin
    State Bar No. 19397050
    sam.stricklin@stricklaw.pro
    2435 N. Central Expy
    Suite 1200, Palisade, Bldg. II
    Richardson, TX 75080
    (972) 238-8687 - Telephone

**COUNSEL TO CREDITORS' TRUSTEE DENNIS FAULKNER, AS SUCCESSOR TO DEBTORS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedures via the Court's electronic filing service on November 20, 2020.

Kevin M. Sadler
State Bar No. 17512450
kevin.sadler@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
(650) 739-7518 – Telephone
(650) 739-7618 – Facsimile

Michael S. Goldberg
State Bar No. 08075800
michael.goldberg@bakerbotts.com
**BAKER BOTTS LLP**
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1234 – Telephone
(713) 229-1522 – Facsimile

Craig A. Leslie
cleslie@phillipslytle.com
Jacob S. Sonner
jsonner@phillipslytle.com
**PHILLIPS LYTLE LLP**
One Canalside
125 Main Street
Buffalo, New York 14203
716-847-8400 – Telephone
716-852-6100 – Facsimile

                                            */s/ Diane M. Crabtree*
                                              Diane M. Crabtree