

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 26, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Reagor-Dykes Motors, LP,[1] | § | Case No.: 18-50214-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |
| Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Auto Company, LP, Reagor-Dykes Plainview, LP, Reagor-Dykes Floydada, LP, Reagor Auto Mall, Ltd., Reagor-Dykes Snyder, L.P., Reagor-Dykes Auto Mall I LLC, Reagor-Dykes II LLC, Reagor-Dykes III LLC, | § § § § § § § § § | |
| Plaintiffs,[2] | § § | |
| v. | § § | Adversary No. 20-05005 |

---

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (18-50321), Reagor-Dykes III LLC (18-50322), Reagor-Dykes II LLC (18-50323), Reagor Auto Mall, Ltd. (18-50324), and Reagor Auto Mall I LLC (18-50325).

[2] The confirmed plan in the Reagor-Dykes Motors, LP bankruptcy case created the Reagor Dykes Auto Group Creditors Liquidating Trust (Creditors Trust), and Dennis Faulkner was appointed the Trustee of the Creditors Trust. On September 30, 2020, Trustee filed a document in this adversary proceeding stating that the Creditors Trust now has ownership of the claims subject of this adversary proceeding and that he is the successor to the Debtors here. ECF No. 26 n.1. Trustee has not been formally substituted as the Plaintiff in this adversary proceeding.

| | |
|---|---|
| Ford Motor Credit Company, LLC, | § |
| | § |
| Defendant. | § |
| | § |

# ORDER

Ford Motor Credit Company, LLC (FMCC), defendant, moves to dismiss the complaint of plaintiffs Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Auto Company, LP, Reagor-Dykes Plainview, LP, Reagor-Dykes Floydada, LP, Reagor Auto Mall, Ltd., Reagor-Dykes Snyder, L.P., Reagor-Dykes Auto Mall I LLC, Reagor-Dykes II LLC, and Reagor-Dykes III LLC under Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. The Trustee of the Creditors Trust, Dennis Faulkner, filed his response opposing the motion. ECF No. 28.

## I.

Rule 12(b)(6) allows dismissal of a case if a plaintiff fails "to state a claim upon which relief can be granted." This rule applies in adversary proceedings as incorporated by Bankruptcy Rule 7012(b). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly*'s] plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "Because a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is generally viewed with disfavor and is rarely granted." *Ins. Distrib. Consulting, LLC v. Freedom Equity Grp., LLC*, No. 20-cv-00096, 2020 WL 5803249, at *2 (S.D. Tex. Sept. 4, 2020) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). In ruling on such a motion, the court looks only at the complaint. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The court may consider documents incorporated into the complaint by reference and, in the bankruptcy context, matters of which the court may take judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 637–38 (S.D. Tex. 2009).

## II.

### A.

FMCC says that both the fraudulent transfer claim (Count One) and preference claim (Count Five) must be dismissed as a matter of law. The alleged transfers for these claims were not of estate property, FMCC contends. The complaint states that the transfers were from Reagor-Dykes accounts. Exhibit 1 to the complaint identifies the specifics—the who, what, when, and where—of each transfer that was made in furtherance of the Reagor-Dykes's fraudulent electronic-check-kiting scheme (the why).

FMCC also believes that these causes of action must be dismissed because recovery of these transfers would create a surplus. That the damages will create a surplus for the Trustee is speculative at this point and does not address the merits of the complaint. Such assertion requires proof; proof beyond the pleadings is not part of a motion to dismiss.

FMCC's argument that the fraudulent transfer claim must be dismissed because the transfers satisfied antecedent debt is misguided. The alleged transfers were made in furtherance of *Reagor-Dykes's actual fraud* and is thus based on § 548(a)(1)(A).[3] This scheme, according to the Trustee, defrauded the creditor body as a whole. FMCC argues, in effect, that the sheer magnitude of the scheme means the claim must de dismissed. It says that the claim is inadequately pleaded because it identifies all transfers within two years prior to the bankruptcy filings as part of the scheme. The complaint provides an exhaustive description of the scheme—a Ponzi-like scheme that involved as many as nineteen accounts at eight different banks—and that the transfers were made as part of the scheme. According to the complaint, the "funds" were commingled and, with some accounts, the amounts of deposited funds were far more than what could have been realized from the dealerships' operations. The amounts are large, but that does not necessarily mean that they are insufficiently pleaded. The issue of the validity of FMCC's security interest in the transferred funds is best left for trial (or summary judgment). So, too, is the question of whether the transfers caused FMCC to receive more than it would receive in a chapter 7 case.

The Court denies FMCC's request for dismissal of the claims for fraudulent transfers under § 548(a)(1)(A) and for preferential transfers under § 547.

---

[3] All § references refer to 11 U.S.C. unless otherwise stated.

**B.**

For the balance of the counts, the Court concludes that the complaint, taken as true, sufficiently pleads the causes and puts FMCC on notice of the claims against it.  The motion to dismiss Count Two (equitable subordination under § 510(c)), Count Three (surcharge under § 506(c)), Count Four (turnover under § 542(b)), Count Six (extent and priority of FMCC's liens against cash), and Count Seven (objection to claim under § 502(d)) is denied.

**III.**

FMCC's motion and brief sufficiently state its bases for dismissal; many, however, require evidence and consideration of items outside the complaint.  FMCC must now answer the suit.

FMCC's motion to dismiss is denied, and FMCC is hereby directed to file its answer to the complaint.

SO ORDERED.

### End of Order ###