

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 29, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| REAGOR-DYKES MOTORS, LP,[1] § | | Case No.: 18-50214-RLJ-11 |
| § | | (Jointly Administered) |
| Debtors. § | | |
| § | | |
| § | | |
| DENNIS FAULKNER, Creditors' § | | |
| Trustee of the Creditors Trust, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Adversary No. 20-05005 |
| § | | |
| FORD MOTOR CREDIT § | | |
| COMPANY, LLC, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

---

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324), and Reagor Auto Mall I LLC (Case No. 18-50325).

On July 15, 2021, Ford Motor Credit Company, LLC (Ford Credit) served its first set of interrogatories and second request for production on the Trustee.[2] The Trustee objected to four interrogatories and nine requests for production. Each interrogatory and request objected to by the Trustee seeks information regarding the Debtors' financial relationship with other creditors and how other creditors were harmed by the Debtors' transfers to Ford Credit.[3] The Trustee contends that discovery about any specific creditor is irrelevant to any of his causes of action and that supplying the requested discovery would be overly burdensome. Ford Credit now files its motion to compel the Trustee to respond to its requests [ECF No. 172]; hearing was held on October 14, 2021.

## I.

Rule 26(b)(1)[4] of the Federal Rules of Civil Procedure states that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Any matter that may be inquired into under this rule can be the subject of an interrogatory or request for production. Fed. R. Civ. P. 33(a)(2), 34(a).[5] A party may move to compel a discovery response when a party fails to provide a complete answer to an interrogatory or fails to produce requested documents. Fed. R. Civ. P. 37(a)(3)(B), 37(a)(4).[6] The nonmovant on a motion to compel must provide specific bases for each objection to avoid its requested discovery

---

[2] "Trustee" refers to plaintiff Dennis Faulkner, Trustee of the Creditors Trust.
[3] "Debtors" refers to the debtors listed in note 1.
[4] Incorporated into Federal Rules of Bankruptcy Procedure through Rule 7026.
[5] Incorporated into Federal Rules of Bankruptcy Procedure through Rules 7033 and 7034.
[6] Incorporated into Federal Rules of Bankruptcy Procedure through Rule 7037.

2

obligations. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990).

  a. **Relevance**

  The Trustee has objected to Ford Credit's discovery requests on relevance grounds. Courts broadly construe the definition of relevance, and discovery requests "'should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party.' Information sought only fails the relevance test if it is clear that it could have 'no possible bearing on the claim.'" *Ries v. Ardinger (In re Adkins Supply, Inc.)*, 555 B.R. 579, 589 (Bankr. N.D. Tex. 2016) (emphasis added in original) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). When the requested discovery appears relevant, the nonmoving party has the burden of proving lack of relevance by either demonstrating that the discovery does not fall within the broadly defined scope of relevance of Rule 26(b)(1) or is so marginally relevant that the potential harm of the discovery outweighs the ordinary presumption of broad disclosure. *Merrill*, 227 F.R.D. at 470–71.

  Ford Credit says that the discovery it seeks is relevant to the Trustee's fraudulent transfer claim. Section 548 of the Bankruptcy Code states:

> (a)(1) The trustee may avoid any transfer … of an interest of the debtor in property … that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>   (A) made such transfer … *with actual intent to hinder, delay, or defraud* any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted[.]

11 U.S.C. § 548(a)(1)(A) (emphasis added). Under a typical actual fraudulent transfer action, the type of information sought by Ford Credit here—the identity of the Debtors' creditors, the amount of the Debtors' indebtedness to their creditors, and payments from the Debtors to their creditors—would all be relevant to the issue of fraudulent intent central to a fraudulent transfer

claim. The Trustee's claim, however, is not typical. The Complaint alleges that "the Transfers were part of an ongoing Ponzi scheme or Ponzi-like scheme that was perpetuated by the financial dealings of Debtors. All payments by or on behalf of the Debtors, including the Transfers, were made to FMCC to maintain this scheme." Compl. at 24 [ECF No. 1]. The Trustee thus intends to prove fraudulent intent not by the more typical means of proving the badges of fraud or specific harm to other creditors, but rather by proving the existence of a Ponzi or Ponzi-like scheme. Transfers made under a Ponzi scheme "are presumptively made with intent to defraud." *Am. Cancer Soc. v. Cook*, 675 F.3d 524, 527 (5th Cir. 2012).

Ford Credit says that the Ponzi-scheme presumption only applies to traditional Ponzi schemes, not Ponzi-like schemes, and cites to cases which it argues support such contention. *See id.* at 527–529 (holding Ponzi-scheme presumption did not apply where plaintiff failed to prove existence of traditional Ponzi scheme); *Templeton v. O'Cheskey (In re Am. Hous. Found.)*, 785 F.3d 143, 160–162 (5th Cir. 2015) (holding Ponzi-scheme ordinary-course-of-business presumption did not apply to preferential transfer claim where traditional Ponzi scheme was not proved and business engaged in legitimate commercial enterprise). Ford Credit also alleges that the Ponzi-scheme presumption is irrelevant for purposes of discovery because the Trustee has yet to prove the presumption applies and will not be able to do so in this case, as the Debtors' enterprise did not constitute a Ponzi scheme. Finally, Ford Credit argues, citing exclusively to cases outside of the 5th Circuit, that the Ponzi-scheme presumption is rebuttable and that the requested discovery is relevant to rebutting the presumption and Ford Credit's other potential defenses. *See Myers v. Blumenthal*, 534 B.R. 6, 17 (D. Neb. 2015); *Stoebner v. Ritchie Cap. Mgmt., L.L.C. (In re Polaroid Corp.)*, 472 B.R. 22, 42 (Bankr. D. Minn. 2012).

The Trustee argues that his reliance on the Ponzi-scheme presumption obviates the need for discovery related to fraudulent intent. He cites to cases which he argues extend the Ponzi-scheme presumption to Ponzi-like frauds in the Fifth Circuit. *See Stettner v. Smith (In re IFS Fin. Corp.)*, 669 F.3d 255, 265 (5th Cir. 2012) ("Evidence that a company operated as a fraudulent enterprise at the time of the transfer [] may be sufficient to establish actual intent."); *Jacobs v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 119 (5th Cir. 2019) ("[I]n cases involving a Ponzi *or Ponzi-like scheme*, a plaintiff may establish fraudulent intent by showing that the enterprise operated as a Ponzi scheme without proving which of the entities involved in the scheme was the transferor." (emphasis added) (internal quotations omitted)). The Trustee argues that Ford Credit has the relevant discovery to dispute the existence of a Ponzi scheme, and since the Trustee is relying exclusively on the Ponzi-scheme presumption, which conclusively establishes fraudulent intent, no further evidence related to fraudulent intent is relevant.

The caselaw cited by the parties does not establish conclusively that the Ponzi-scheme presumption has been extended to Ponzi-like schemes, nor that it has been limited to Ponzi schemes in their strictest sense. That issue is assuredly relevant to the parties' underlying claims. But whether the Ponzi-scheme presumption has been extended to Ponzi-like schemes has limited relevance to this discovery dispute and need not be decided here. What is relevant to this dispute is the Trustee's theory of the case, which rests on the Ponzi-scheme presumption. *See* Compl. at 24 [ECF no. 1]. The Court has already recognized that the Trustee's claims rest on the Ponzi-scheme presumption and held that is sufficient at the motion-to-dismiss stage. Order Denying Mot. to Dismiss at 4 [ECF no. 54]. Nowhere in the Complaint does the Trustee allege specific harm to any particular creditor. The Trustee will either succeed on its theory or not, and unless

the Complaint is amended to assert a different theory, there is no need to engage in an analysis of fraudulent intent that requires a transfer-by-transfer account of the Debtors' relationship with other creditors. For the purposes Ford Credit has raised—to address the issue of fraudulent intent—the requested discovery is not relevant.

Ford Credit also argues in passing that the requested discovery would be relevant to its other defenses, including that Ford Credit's transfers were proper payments for antecedent debts, that transfers made during the 90-day preference period are not avoidable because they were made in the ordinary course of business, and that all or some of the transfers were made at a time when the Debtors were not insolvent. To show Ford Credit's transfers were payments for antecedent debts, Ford Credit only needs evidence of its loans to the Debtors. To make its ordinary-course-of-business defense, Ford Credit only needs to address ordinary business practices within the industry and the business relationship between the Debtors and Ford Credit. *See Gulf City Seafoods, Inc. v. Ludwig Shrimp Co., Inc. (In re Gulf City Seafoods, Inc.)*, 296 F.3d 363, 367 (5th Cir. 2002). Finally, Ford Credit already has detailed financial information about the Debtors to make a determination of insolvency, and specific transactions with other creditors would not aid in that defense. This discovery is likewise irrelevant to Ford Credit's defenses.

Still, the scope of relevant discovery under Rule 26 is broad, encompassing discovery which has "*any possibility*" of producing relevant information. *In re Adkins Supply, Inc.*, 555 B.R. at 589 (emphasis in original). It is conceivable that if Ford Credit received the entire amount of discovery it seeks from the Trustee, some of the information in the vast extent of documents received might bear on the issues in this case. However, the enormous volume of documentation Ford Credit seeks weighs against allowing the requested discovery.

6

### b. Undue Burden

"The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). "[T]he party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod*, 894 F.2d at 1485 (internal quotation omitted). The party must make this showing through affidavits or other evidence that reveals the nature of the burden and the time and expense required to respond to the request. *Heller v. City of Dallas*, 303 F.R.D. 466, 489–90 (N.D. Tex. 2014); *Brady*, 238 F.R.D. at 437.

Through Ford Credit's interrogatories and requests for production, Ford Credit seeks every document, contract, email, communication, invoice, receipt, memorandum, and correspondence which could possibly relate to the Debtors' fraudulent intent and their commercial relationship with every other creditor. This amount of information is prodigious. Bryan Dumesnil, counsel for the Trustee, says through his declaration that the database housing the Debtors' electronically-stored information holds over one million documents, and the Debtors also have thousands of boxes of hard copy documents. Dumesnil Decl. ¶ 2 [ECF no. 186, Ex. A]. An electronic search of the database of just nine creditors returned over 240,398 documents, which Dumesnil says would conservatively take 4,000 hours to review. *Id*. at 2–3. The Debtors had hundreds of other creditors. Dumesnil says it would also take countless more hours to scrap through all the Debtors' tens of thousands of monthly receipts and documents just to identify the full volume of discovery that Ford Credit requests. *Id.*

Such a Herculean task may be warranted were this a typical fraudulent conveyance action where specific harm to other creditors was alleged. But where, as here, the plaintiff has alleged

7

fraudulent intent through the Ponzi-scheme presumption, the minute details of the Debtors' every transaction with creditors are largely irrelevant. Even if some of the requested information could shed light on relevant issues, the Trustee has demonstrated that the request is unduly burdensome and disproportionate to the needs of this case. *See, e.g., Brady*, 238 F.R.D. at 437–38 (finding undue burden based on affidavits of attorneys for party outlining immense volume of documents requested and lengthy time required to sort through them). Ford Credit's motion to compel is therefore denied. The Trustee is not required to respond to the four interrogatories and nine requests for production beyond the extent to which he has already replied.

## II.

It is, therefore,

ORDERED that the Trustee's objections are sustained and Ford Credit's motion to compel the Trustee's answer to the four interrogatories and nine requests for production is denied.

### End of Memorandum Opinion and Order ###