

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed November 3, 2021

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| REAGOR-DYKES MOTORS, LP,[1] | § § | Case No.: 18-50214-RLJ-11 |
| Debtors. | § § § | (Jointly Administered) |
| | § | |
| DENNIS FAULKNER, Creditors' Trustee of the Creditors Trust, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 20-05005 |
| FORD MOTOR CREDIT COMPANY, LLC, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

___

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324), and Reagor Auto Mall I LLC (Case No. 18-50325).

1

On August 24, 2021, Ford Motor Credit Company, LLC ("Ford Credit") sent a draft deposition notice to the Trustee under Rule 30(b)(6) of the Federal Rules of Civil Procedure.[2] The Trustee had objections, and the parties conferred to discuss them. Ford Credit then sent a revised draft notice on September 10, 2021. The Trustee now objects to the revised draft notice and files his motion for a protective order [ECF no. 163] to prevent his answering questions from a range of topics under the notice.

I.

Rule 30(b)(6) provides that:

> In its notice or subpoena, a party may name as the deponent a public or private corporation … or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more … persons who consent to testify on its behalf … . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).[3] The designee's answers bind the organization, and the designee must become knowledgeable and educated on the topics for examination to the extent information on those topics is reasonably available. *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *Fed. Deposit Ins. Corp. v. Hutchins*, No. 1:11-CV-1622-AT, 2013 WL 12109446, at *3 (N.D. Ga. Oct. 25, 2013). A party who received a deposition notice may move for a protective order to limit the scope of the topics for examination. Fed. R. Civ. P. 26(c)(1).[4]

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding the disclosure or discovery; … prescribing a discovery method other than the one selected by the party seeking discovery; … [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery … .

*Id*.

---

[2] "Trustee" refers to plaintiff Dennis Faulkner, Trustee of the Creditors' Trust.
[3] Incorporated into the Federal Rules of Bankruptcy Procedures under Rule 7030.
[4] Incorporated into the Federal Rules of Bankruptcy Procedures under Rule 7026.

**Topics 1–3 and 17—Relevance and Undue Burden**

The Trustee argues that he should not be subject to examination on topics 1–3 and 17 because the topics are overbroad and seek information which is irrelevant to his claims. Courts broadly construe the definition of relevance, and discovery requests "'should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party.' Information sought only fails the relevance test if it is clear that it could have 'no possible bearing on the claim.'" *Ries v. Ardinger (In re Adkins Supply, Inc.)*, 555 B.R. 579, 589 (Bankr. N.D. Tex. 2016) (emphasis added in original) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). When the requested discovery appears relevant, the nonmoving party has the burden of proving lack of relevance by either demonstrating that the discovery does not fall within the broadly defined scope of relevance of Rule 26(b)(1) or is so marginally relevant that the potential harm of the discovery outweighs the ordinary presumption of broad disclosure. *Merrill*, 227 F.R.D. at 470–71. "The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

Topics 1–3 and 17 relate to the Debtors' commercial relationship with creditors other than Ford Credit.[5] In its decision on Ford Credit's motion to compel discovery, the Court described why such information is not relevant to the Trustee's claims and held that the Trustee was not required to respond to discovery requests seeking such information. ECF No. 201. In sum, the Trustee's fraudulent conveyance actions rely on the "Ponzi-scheme presumption," which holds that fraudulent intent is presumed for purposes of a fraudulent conveyance action when the plaintiff has established that the debtor was operating a Ponzi scheme. *Am. Cancer*

---

[5] "Debtors" refers to the debtors listed in note 1.

*Soc. v. Cook*, 675 F.3d 524, 527 (5th Cir. 2012). Fraudulent intent is the only issue to which information regarding the Debtors' commercial relationship with their other creditors could conceivably be relevant. Since the Trustee's theory of the case rests on a presumption of fraudulent intent, Ford Credit need only address whether the presumption legally applies to the case at hand, which does not require an intricate account of the Debtors' transactions with other creditors.

The topics being so broadly construed, it is conceivable that some questions related to them may reveal information which bears on some issue in this case. Requiring the Trustee to review and memorize all of Ford Credit's transactions with other creditors for the minimal possibility that some of such information would be relevant is, however, an undue burden. The Trustee therefore should not be required to answer questions under Topics 1–3 and 17.

**Topic 21—Expert Testimony**

The Trustee argues that he should not be subject to examination on Topic 21 because that topic is more appropriate for expert testimony. "A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through … expert discovery." *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014); *see also Resol. Tr. Corp. v. Sands*, 151 F.R.D. 616, 620 (N.D. Tex. 1993); *Lead GHR Enters., Inc. v. Am. States Ins. Co.*, No. 3:17-MC-91-M-BN, 2017 WL 6381744, at *8–12 (N.D. Tex. Dec. 14, 2017). "A party may not circumvent the limitations of Rule 26 and gain access to opposing expert evidence via a bare subpoena duces tecum." *Perry v. United States*, No. 3:96-CV-2038-T, 1997 WL 53136, at *1 (N.D. Tex. Feb. 4, 1997).

In *Lead GHR Enters.*, a party resisted responding to certain Rule 30(b)(6) topics, arguing they were better answered through expert testimony. 2017 WL 6381744, at *9–11. The court held that the Rule 30(b)(6) deponent was required to answer on topics that were also subject of expert testimony where the Rule 30(b)(6) deponent had additional information to provide beyond what was available through expert testimony. *Id*. at *12. Where the same information from the Rule 30(b)(6) deponent could also be garnered through expert testimony, however, the court held that those topics were not proper for a Rule 30(b)(6) deposition. *Id*.

Topic 21 concerns when the Debtors became insolvent and the depth of their insolvency. The Trustee says that his expert, Robert Reilly, will testify at trial on the Debtors' insolvency and will provide expert opinions to Ford Credit in December 2021. Like *Lead GHR Enters.*, eliciting testimony here regarding the Debtors' insolvency would be duplicative to the Trustee's expert testimony and would place a burden on the Trustee to prepare and answer as an expert witness. The Trustee should not be required to answer questions under Topic 21.

**Topic 33—Privilege**

Topic 33 relates to the Debtors' officers', directors', and shareholders' roles in perpetuating the Debtors' fraud. The Trustee objects to this topic because, he argues, Ford Credit's intent is to question why the Trustee did not seek other causes of action against these individuals, thus invading work-product and attorney-client privilege. The sole basis for this objection is a former draft of Topic 33 which explicitly asked this question of the Trustee. Ford Credit amended Topic 33, however, so that it now provides no indication on its face that Ford Credit intends to probe into why the Trustee did not bring alternative actions. To the extent such a question may invade privilege, there is no reason to presume under Topic 33 as amended that Ford Credit will ask it and invade privilege through its questioning. If it does ask questions

which probe into the Trustee's legal decision-making, the Trustee may object on privilege grounds. The Trustee therefore should be required to answer questions under Topic 33.

**Topics 5–7, 31, and 34–36—Undue Burden**

The Trustee argues that he should not be subject to examination on topics 5–7, 31, and 34–36 because preparing to answer questions under such topics would impose an undue burden. "The designating party [under a Rule 30(b)(6) notice] must make a good faith effort to prepare its designees so that they can answer questions fully, completely and unevasively." *Everlight Elecs. Co.*, 2014 WL 5786492, at *3. "Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *Id.* (quoting *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 540 (D. Nev. 2008)).

Even so, the designee is only required to "testify about information known or reasonably available to the organization," Fed. R. Civ. P. 30(b)(6), and the Court may protect a designee from overly burdensome questioning. Fed. R. Civ. P. 26(c)(1). Furthermore, a trustee's "lack of pre-failure involvement" with a corporation "does bear upon the reasonableness of the scope of the discovery" requested by an opposing party. *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, No. 3:05CV929 CFD, 2007 WL 2460685, at *3 (D. Conn. Aug. 27, 2007). To determine if topics of a Rule 30(b)(6) deposition are unduly burdensome, courts should consider: (1) the scope and breadth of the topics, which relate directly to the time and effort required to educate a designated individual with no first-hand knowledge; and (2) whether discovery may be obtained by less burdensome means. *Id.* (citing *Resolution Trust Co. v. Bright*, No. 3–92–CV–995–S, (N.D. Tex. Mar. 31, 1993)).

Topics 5–7, 31, and 34–36 relate to the Debtors' internal communications and communications with other parties. On one hand, these topics are highly relevant to proving or disproving the existence of the purported Ponzi-like fraud perpetrated by the Debtors, and much of the underlying information sought is available to the Trustee. On the other hand, the topics cover an enormously broad amount of information; it appears the only way for the Trustee to adequately prepare for these topics is to peruse and memorize the thousands of documents which constitute what Ford Credit is seeking to inquire about—the bulk of the Debtors' communications. This is especially burdensome since the Trustee had no personal knowledge of any of these communications, nor did he have any connection to the Debtors until well after the failure of the Debtors' enterprise.

Furthermore, most of the communications underlying these topics have already been produced to Ford Credit, and Ford Credit may seek production of relevant communications it has not yet received. Finally, the individuals who ran the Debtors' operations would best be able to answer Ford Credit's questions and, although the Trustee has no control over these individuals, Ford Credit is able to depose them. On balance, the Trustee should not be required to answer questions under Topics 5–7, 31, and 34–36 as doing so would be an undue burden. *See, e.g.*, *In re New Eng. Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-RWZ, 2015 WL 13715289, at *9 (D. Mass. July 31, 2015) (finding Rule 30(b)(6) deposition inappropriate for bankruptcy litigation trust "where not only most of the principals of the corporation have been indicted … but where the corporation [] also filed for bankruptcy and is no longer operating.")

**Topics 11, 16, 18–20, 24–30, and 32—Work-Product Privilege**

The Trustee argues that he should not be subject to examination on Topics 11, 16, 18–20,

24–30, and 32 because those topics invade the work-product privilege. The work product privilege protects from discovery "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). "The typical items deserving of such protection are 'a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements.'" *In re Adkins Supply, Inc.*, 555 B.R. at 588 (quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991)). "[T]he work product immunity protects only the documents themselves and not the underlying facts." *Koenig v. Int'l Sys. & Controls Corp. Sec. Litig. (In re Int'l Sys. & Controls Corp. Sec. Litig.)*, 693 F.2d 1235, 1240 (5th Cir. 1982).

> [The work-product privilege does] not protect facts merely because they were communicated either to an attorney or by an attorney if the attorney obtained the facts from independent sources. While counsel's own investigation into the facts of a case is subject to protection under the work-product doctrine, a designated witness must still be prepared to testify pursuant to a Rule 30(b)(6) notice. … On the other hand, when a party asks a Rule 30(b)(6) deponent about the "facts and documents" which the corporation contends support each of its legal positions, that has been held akin to requesting insight into the corporation's litigation strategy.

*Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 3:09-CV-02263-M-BK, 2012 WL 13093400, at *3 (N.D. Tex. Mar. 23, 2012).

These topics to which the Trustee objects on privilege grounds broadly cover the Debtors' operations as well as Ford Credit's awareness of the Debtors' fraud. The Trustee does not contest the relevance of the topics. Instead, the Trustee argues that Ford Credit is impermissibly invading the Trustee's intended lines of proof and the factual bases for the Trustee's claims. The Trustee argues this is evident, as early drafts of the Topics explicitly request "[t]he factual basis for Plaintiff's claims." Trustee's Mot. for Protective Order, Ex. A at

4–6 [ECF no. 164].

Each of these topics involve highly relevant factual information about the Debtors' operations. The fact that information obtained through the deposition may underly the Trustee's claims is precisely because of the topics' relevance. That uncovered information may have been provided to the Trustee in preparation for the deposition or may have been uncovered in preparation for this case does not protect that information from discovery. "A corporation is not entitled to refuse to provide a Rule 30(b)(6) representative on the basis of privilege or work product protections merely because its counsel prepared the representative." *Hutchins*, 2013 WL 12109446, at *6. Ford Credit has also amended the topics to avoid impermissibly crossing the boundary into protected information by asking explicitly for the documents and facts which support each of the Trustee's claims.

The Trustee is obligated to answer relevant questions with factual information that is reasonably known to the organization. That is exactly what is requested of the Trustee through these topics, and the Trustee cannot avoid his obligations through a privilege argument that, if successful, would essentially insulate him from answering the questions most relevant to this case. Furthermore, if questions arise that genuinely invade attorneys' mental impression or legal strategies, counsel for the Trustee may object to those questions at the deposition. The Trustee should be required to answer questions under Topics 11, 16, 18–20, 24–30, and 32.

**Topic 23—Privilege and Undue Burden**

The Trustee argues that he should not be subject to examination on Topic 23 because it invades the work-product privilege and places an undue burden on the Trustee. Topic 23 relates to the deposits and withdrawals from the Debtors' bank accounts related to the challenged transfers to Ford Credit. Such information is purely factual and not privileged work product. Nonetheless, the Debtors' bank statements amount to more than 30,000 pages, and the Trustee

believes they contain over one million transfers. Because of the fraudulent nature of the Debtors' enterprises, almost all these transactions could be related to the payments to Ford Credit. For the Trustee to adequately prepare to answer questions under Topic 23, he would thus have to memorize thousands of pages of transactions—an impossible task. Not only this, but Ford Credit has already received the bank statements through discovery. Requiring the Trustee to answer questions under Topic 23 would therefore be an undue burden, and the Trustee should not be required to answer questions under this topic.

## II.

The Trustee's objections to Topics 1–3 and 17 are sustained; the Trustee's objection to Topic 21 is sustained; the Trustee's objection to Topic 33 is overruled; the Trustee's objections to Topics 5–7, 31, and 34–36 are sustained; the Trustee's objections to Topics 11, 16, 18–20, 24–30, and 32 are overruled; and the Trustee's objection to Topic 23 is sustained.

SO ORDERED.

### End of Memorandum Opinion and Order ###