**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

---

IN RE:

Reagor-Dykes Motors, LP,
Reagor-Dykes Imports, LP,                                    Case No. 18-50214-rlj-11
Reagor-Dykes Amarillo, LP,                                   Jointly Administered
Reagor-Dykes Auto Company, LP,
Reagor-Dykes Plainview, LP, and
Reagor-Dykes Floydada, LP,
Reagor Auto Mall, Ltd.,
Reagor-Dykes Snyder, L.P.,
Reagor-Dykes Auto Mall I LLC,
Reagor-Dykes II LLC,
Reagor-Dykes III LLC,

     Debtors,

---

Dennis Faulkner, Creditors' Trustee,

     Plaintiff,                                          Adversary No. 20-05005-rlj

     vs.

Ford Motor Credit Company LLC,

     Defendant.

---

**DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S REPLY BRIEF IN
SUPPORT OF MOTION TO CONTINUE TRIAL SETTING AND AMEND
SCHEDULING ORDER**

     Defendant Ford Motor Credit Company LLC ("Ford Credit") is seeking an Order to briefly

extend the deadlines in current Scheduling Order, including the trial setting, by 60 days. Adversary

counsel for the Creditors' Trustee has made it abundantly clear that they will not agree to the

requested extension, or to any continuation of the trial date, under any circumstances – and has

also refused to mediate in response to Ford Credit filing this motion.

As discussed below, Ford Credit's motion should be granted because: (1) the Response submitted by adversary counsel misrepresents the facts and circumstances leading to this motion; (2) the proposed 60-day continuance sought by Ford Credit is reasonable, necessary, and non-prejudicial as a result of the Creditors' Trustee's recent supplemental document production; (3) the parties' anticipated mediation is also a reasonable grounds for a brief continuance of the Scheduling Order; and (4) the ongoing claims adjudication process is a further, reasonable grounds for the requested continuance.

### A. The Misrepresentations in Response to the Motion

1. From its first paragraph, the Response in opposition to the motion presents trial arguments which have nothing to do with a motion to amend the Scheduling Order.

2. And, contrary to adversary counsel's repeated unsubstantiated claims, Ford Credit **did not** know of the Debtors' fraud "for years." Despite the thousands of documents exchanged in discovery and eight depositions of Ford Credit's witnesses, the Creditors' Trustee's inability to identify a shred of evidence to the contrary in opposition to this motion speaks volumes.

3. Adversary counsel's claim that Ford Credit has deliberately delayed this case is also flatly untrue, and contradicted by their simultaneous acknowledgment that discovery has proceeded largely according to schedule until now.

4. Adversary counsel's arguments concerning the parties' efforts to schedule mediation and discussions regarding Ford Credit's request for an extension of the Scheduling Order also ignore that, at every phase and in every conversation, adversary counsel flatly refused to entertain any continuance *other than a one week extension of selected deadlines, including the Creditors' Trustee's own deadline for expert disclosures*. *See* Dkt. 213, Ex. B.

5.     Those arguments further ignore that, when Ford Credit advised that it intended to file a motion seeking a longer extension, adversary counsel unilaterally backed out of scheduling a mediation session on January 5, 2022, and retracted the offer of even a one week extension.  *See id.*

**B.     Ford Credit's Proposed Amendment to the Scheduling Order is Reasonable and does not Result in any Prejudicial Delay**

6.     The hyper-litigious posture taken by adversary counsel at every opportunity has resulted in an opposed motion where even a reasonable 60-day continuance (which might ordinarily have been agreed upon as a courtesy) is not only refused, but is used as an opportunity to hurl invectives at Ford Credit and its counsel.

7.     There is no dispute that the thousands of documents recently produced by the Creditors' Trustee are relevant to Ford Credit's defenses in this case and are responsive to demands that Ford Credit served almost a year ago.  There is also no dispute that both Ford Credit's attorneys and its experts need to review them.

8.     Contrary to adversary counsel's arguments, it is not "ordinary course" for one party to: (1) neglect to run relevant search terms through documents and records that they have had access to for years; (2) fail to produce large tranches of relevant documents, despite having previously represented that they have provided a "substantially complete" production of responsive documents months earlier; and (3) dump thousands of documents on an opposing party a little more than one month before its deadline for expert disclosures.

9.     To be clear, Ford Credit does not argue that sanctions for the Creditors' Trustee's delayed production are warranted, but a continuance is appropriate to avoid its prejudicial impact.

10.     Adversary counsel's opposition to this motion suggests that the documents do not impact the case but, respectfully, the Creditors' Trustee is not in a position to dictate whether or

how Ford Credit will use them in support of its defenses in this Adversary Proceeding or to attack the Creditors' Trustee's claims.

11.     In fact, Ford Credit's ongoing review suggests that nearly all of the recently produced documents evidence the extensive efforts by the Debtors to hide their fraud from Ford Credit, further putting the lie to the Creditors' Trustee's dubious "Ponzi-like" theory on intent and directly contradicting the Creditors' Trustee's claim Ford Credit knew about the Debtors' fraud "for years."

12.     Ford Credit needs time to review these previously-withheld documents, and it needs time for its experts to incorporate them into their analyses, which are otherwise already well underway.

13.     A 60-day extension of the deadlines in the Scheduling Order to accommodate that effort is reasonable and is not prejudicial to the Creditors' Trustee.  Indeed, it is Ford Credit that will be prejudiced if it is not afforded the reasonable continuance that it seeks.

### C.     The Anticipated Mediation is a Reasonable Basis for Ford Credit's Proposed Amendment to the Scheduling Order

14.     The Creditors' Trustee has a fiduciary obligation to the unsecured creditors in the underlying bankruptcy case, and Ford Credit is the largest unsecured creditor.  *See In re JKJ Chevrolet, Inc.*, 26 F.3d 481, 485 (4th Cir. 1994); *Dunes Hotel Assocs.' v. Hyatt Corp.*, 245 B.R. 492, 506-507 (D. S.C. 2000) (citing *Wolf v. Weinstein*, 372 U.S. 633, 649 (1963)).

15.     But it has been clear from the outset of this Adversary Proceeding that the driving force behind adversary counsel's posturing is maximizing the possibility of a contingency fee recovery.

16. That dynamic is epitomized the Creditors' Trustee's argument that the parties' efforts to schedule a mediation is not a good faith basis for even a brief continuance of the Scheduling Order.

17. Unlike adversary counsel, who is operating on a contingency fee, Ford Credit is incurring hundreds of thousands of dollars in legal and expert fees to defend against the Creditors' Trustee's dubious claims – which is adding to the losses Ford Credit sustained as a result of the Debtors' fraud.

18. And, contrary to adversary counsel's arguments, Ford Credit's counsel have limited time to prepare experts, continue to pursue discovery, and prepare for trial.

19. The rapidly approaching deadlines, and the currently compressed schedule, leave insufficient time to pursue meaningful settlement discussions while counsel also work to complete these tasks. And, absent an amendment of the scheduling order, Ford Credit will also continue to incur additional legal and expert fees that might otherwise be avoided if mediation is successful.

20. A brief, 60-day continuance will permit Ford Credit to continue working conscientiously to meet the remaining deadlines before trial, while also creating an opportunity for meaningful settlement discussions.

  **D. The Ongoing Claims Adjudication Process is also a Reasonable Basis for Ford Credit's Proposed Amendment to the Scheduling Order**

21. Finally, this Court has already held that the amount of surviving unsecured claims is relevant to this adversary proceeding. *See* Case No. 18-50214-rlj-11, Dkt. 2261.

22. In discussions amongst counsel, the Creditors' Trustee has acknowledged that his claims against Ford Credit far exceed total amount of the outstanding unsecured claims. That reality has since been confirmed by the Creditors' Trustee's analysis of such claims (which he contends will be further reduced as a result of the claims objection process).

23.     The hearing schedule on claims objections is apparently on track to be largely completed by or soon after February 23, 2022, at which point the parties will have, at a minimum, a clearer picture as to the amount that would be required to make the unsecured creditors, including Ford Credit, whole.

24.     By opposing a 60-day continuance, adversary counsel is effectively asking the Court to ignore the interests of the unsecured creditors in an expedient, negotiated resolution of this Adversary Proceeding, and to instead prioritize allowing the Creditors' Trustee to pursue an excessive, windfall recovery that, if permitted, would inure chiefly to the benefit of adversary counsel.  Respectfully, this is inconsistent with the fiduciary duty owed by the Creditors' Trustee and ignores that both the Bankruptcy Code and the Court's powers in equity demand otherwise.

## **CONCLUSION**

For all of the foregoing reasons, and all the reasons set forth in its initial motion, Ford Credit respectfully requests that the Court issue an Order: (1) continuing the Trial Setting in the above adversary proceeding from the week of April 25, 2022 to not earlier than the week of June 27, 2022; and (2) extending all other deadlines in the Court's Scheduling Order (Dkt. 197) by 60 days.

Dated:  December 28, 2021                    Respectfully submitted,

                                             BAKER BOTTS LLP

                                             */s/ Kevin M. Sadler*
                                             Kevin M. Sadler, Esq.
                                             State Bar No. 17512450
                                             1001 Page Mill Road
                                             Building One, Suite 200
                                             Palo Alto, CA 94304-1007
                                             (650) 739-7518 – Telephone
                                             (650) 739-7618 – Facsimile
                                             kevin.sadler@bakerbotts.com

Michael S. Goldberg, Esq.
State Bar No. 08075800
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1401 – Telephone
(713) 229-2801 – Facsimile
kevin.sadler@bakerbotts.com
michael.goldberg@bakerbotts.com

PHILLIPS LYTLE LLP
Craig A. Leslie, Esq.
Jacob S. Sonner, Esq.
Admitted Pro Hac Vice
One Canalside
125 Main Street
Buffalo, NY 14203
(716) 847-8400 – Telephone
(716) 852-6100 – Facsimile
cleslie@phillipslytle.com
jsonner@phillipslytle.com

*ATTORNEYS FOR DEFENDANT*
*FORD MOTOR CREDIT COMPANY LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2021, a copy of the foregoing Reply Brief in Support of Motion to Continue Trial Setting and Amend Scheduling Order was filed electronically.  Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System ("ECF"). Parties may access this filing through ECF.

*/s/ Kevin M. Sadler*
Kevin M. Sadler