# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

IN RE:

Reagor-Dykes Motors, LP,
Reagor-Dykes Imports, LP,
Reagor-Dykes Amarillo, LP,
Reagor-Dykes Auto Company, LP,
Reagor-Dykes Plainview, LP, and
Reagor-Dykes Floydada LP,
Reagor-Dykes Auto Mall, Ltd.,
Reagor-Dykes Snyder, L.P.,
Reagor-Dykes Auto Mall I LLC,
Reagor-Dykes II LLC,
Reagor-Dykes III LLC,

        Debtors,

Case No. 18-50214-rlj-11
Jointly Administered

Dennis Faulkner, Creditors' Trustee,

        *Plaintiff*,

v.

Ford Motor Credit Company LLC,

        *Defendant*.

Adversary No. 20-05005-rlj

## DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S
## STATEMENT OF ISSUES

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Defendant-Appellant Ford Motor Credit Company LLC ("Ford Credit") submits that the issues to be presented are:

1. The Fifth Circuit and other courts of appeals have explained that defendants must have fair notice of all claims and theories of liability so defendants may take discovery on all relevant factual issues to thus adequately defend themselves at summary judgment and trial. The question presented is:

    Whether the Bankruptcy Court erred by allowing the Trustee to assert two new legal theories against Ford Credit after discovery had closed, even though those newly asserted theories require distinct evidence, analysis, and defenses, and even though the Trustee had successfully avoided providing Ford Credit with discovery relevant to defending against these exact theories by representing to the Bankruptcy Court and to Ford Credit that he was *only* pursuing an entirely different theory.

2. Whether the Bankruptcy Court erred in denying Ford Credit's second motion for summary judgment by allowing the Trustee's direct-evidence theory to proceed, where the Trustee presented no direct evidence that the Debtors made any challenged transfer with "actual intent to hinder, delay, or defraud" towards their other creditors, as required by 11 U.S.C. § 548(a)(1)(A).

3. Whether the Bankruptcy Court erred in denying Ford Credit's second motion for summary judgment by allowing the Trustee's badges-of-fraud theory to proceed, where the Trustee relied on a small number of badges of fraud to show the Debtors were generally engaged in some fraudulent activities, but did not link those activities to any specific challenged transfer, as required by 11 U.S.C. § 548(a)(1)(A).

Respectfully submitted,
BAKER BOTTS L.L.P.

By: */s/ Kevin M. Sadler*
Kevin M. Sadler, Esq.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 943304
(650) 739-7518 – Telephone
(650) 739-7618 – Facsimile
kevin.sadler@bakerbotts.com

Michael S. Goldberg, Esq.
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1401 – Telephone
(713) 229-2801 – Facsimile
michael.goldberg@bakerbotts.com

Craig A. Leslie, Esq.
Jacob S. Sonner, Esq.
Admitted Pro Hac Vice
One Canalside
125 Main Street
Buffalo, NY 14203
(716) 847-8400 – Telephone
(716) 852-6100 – Facsimile
cleslie@phillipslytle.com
jsonner@phillipslytle.com

Dated: November 2, 2022                    *Counsel for Ford Motor Credit Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System ("ECF"). Parties may access this filing through ECF.

*/s/ Kevin M. Sadler*
Kevin M. Sadler
