# BRACEWELL

November 22, 2022

**FILED**

**NOV 2 2 2022**

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

*By E-mail*

The Honorable Robert L. Jones
United States Bankruptcy Judge for the Northern District of Texas
1205 Texas Avenue, Room 306
Lubbock, Texas 79401

Re:   *In re: Dennis Faulkner, Creditors' Trustee v. Ford Motor Credit Company, LLC*; Adversary Proceeding No. 20-05005-rlj; in the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division

Dear Judge Jones:

In response to the Court's request that Ford Credit provide "very specific" information about the discovery it claims to need, Ford Credit submitted a letter yesterday with the same list of expansive and overly broad discovery requests about the Debtors' dealings with other creditors. The Court previously held that this discovery was not relevant and was disproportionate to the needs of the case, noting that "[n]owhere in the Complaint does the Trustee allege specific harm to any particular creditor" and "[s]uch a Herculean task may be warranted were this a typical fraudulent conveyance action where specific harm to other creditors was alleged." ECF No. 201 at 5, 7. These statements the Court made remain true today—with or without a Ponzi-scheme presumption. Despite this prior ruling, Ford Credit made no attempt to narrow the requests. More to the point, Ford Credit has never offered any cogent explanation—in its motion, during the hearing, or in its letter—how the requested discovery is relevant and proportionate to the needs of this case; as the Court observed from the earliest moments of this case, the Trustee has always alleged that Debtors "defrauded the creditor body as a whole." ECF No. 54 at 4.

Ford Credit also seeks leave to conduct discovery that it characterizes as "reasonable follow-up discovery to these requests." According to Ford Credit, this would include supplemental depositions of the Trustee and Lindsay Williams, possible depositions of other unnamed fact witness, re-opening the expert witness phase of the case (to include supplementing its expert reports and completing "any further expert depositions"), and propounding requests for admissions and contention interrogatories. But once again, Ford Credit fails to explain: (1) why the discovery is relevant and proportionate to the needs of the case; and (2) why it should be allowed to reopen the schedule so dramatically after deadlines have long since passed.

**Bryan S. Dumesnil**
Partner

T: +1.713.221.1520   F: +1.800.404.3970
711 Louisiana Street, Suite 2300, Houston, Texas 77002-2770
bryan.dumesnil@bracewell.com   bracewell.com

# BRACEWELL

The Honorable Robert L. Jones
November 22, 2022
Page 2

Ford Credit already deposed the Trustee, and he already testified—consistent with the Complaint's allegations—that the Debtors were making payments to other creditors. Beyond wanting to ask irrelevant questions about the Debtors' dealings with other creditors (which would have nothing to do with the Debtors' fraudulent intent in making payments to Ford Credit), Ford Credit offers no explanation of what else it needs to ask the Trustee. Ford Credit already deposed Ms. Williams, and she already testified that the Debtors were making payments to other creditors. Again, Ford Credit also offers no explanation of why it needs to re-depose Ms. Williams.

Ford Credit's request to reopen the expert process is even more perplexing. The Trustee's experts offered lengthy and detailed reports in support of their opinions. One of the Trustee's experts specifically addressed a badge of fraud—insolvency. Ford Credit questioned each of these experts for the maximum seven hours the rules permit. Ford Credit also designated experts to rebut the Trustee's experts, those experts provided written reports, and they were deposed. Nothing that has occurred gives Ford Credit license to redo its expert disclosures; to reopen expert disclosures would cause unfair prejudice and delay.

Finally, Ford Credit could have served requests for admissions before the close of discovery; it failed to do so. It served a contention interrogatory asking the Trustee to explain the factual basis for claiming that the challenged transfers were made to Ford Credit with the intent to hinder, delay, or defraud creditors. The Trustee answered that interrogatory with citation to direct and circumstantial evidence of fraudulent intent. Additionally, the Trustee explained the factual basis of his fraudulent transfer claim in responding to Ford Credit's two motions for summary judgment, including citation to extensive evidence. The Trustee has also already disclosed his trial exhibits. It is absurd for Ford Credit to suggest it does not know the basis for the Trustee's case or how he intends to prove it. In the end, Ford Credit gives no explanation of what other contention interrogatories it should be allowed to ask.

As the Trustee explained in his response to Ford Credit's motion, conclusory statements regarding the relevance of the requested discovery are insufficient to establish good cause to reopen discovery.[1] Ford Credit has now had three attempts to explain specifically what discovery it needs and why it is relevant and proportionate to the needs of this case. In each instance, Ford Credit has offered generalities rather than specifics. Generalities do not justify reopening discovery or otherwise altering the schedule.

---

[1] See ECF No. 374 at 22-23 (citing *Sanford v. Pershing LLC*, 2022 WL 1590752, at *3 (N.D. Tex. Jan. 14, 2022); *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2017 WL 930829, at *3 (N.D. Tex. Mar. 9, 2017) (denying plaintiff's motion to reopen discovery in part because he failed to describe "what information he seeks, or describe its importance"); *Colony Ins. Co. v. NJC Enterprises*, No. CV 09-763, 2013 WL 12182608, at *4–5 (M.D. La. Dec. 6, 2013) ("Simply referring to certain potential discovery as being 'relevant' is insufficient in persuading the Court to abandon the discovery deadline ...."); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000) (denying additional discovery because movants "d[id] not state what relevant evidence they expected to uncover with additional discovery").

# BRACEWELL

The Honorable Robert L. Jones
November 22, 2022
Page 3

Very truly yours,

Bracewell LLP

Bryan S. Dumesnil
Partner

cc: Kevin M. Sadler (kevin.sadler@bakerbotts.com)
Michael S. Goldberg (michael.goldberg@bakerbotts.com)
Craig A. Leslie (cleslie@phillipslytle.com)
Jacob S. Sonner (jsonner@phillipslytle.com)
Brad Benoit (brad.benoit@bracewell.com)
Caroline Ellis (caroline.w.ellis@bracewell.com)
Samuel Stricklin (sam.stricklin@stricklaw.pro)