

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 21, 2022**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP,[1] | § | Case No.: 18-50214-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| DENNIS FAULKNER, Creditors' Trustee of the Creditors Trust, | § § § | |
| Plaintiff, | § § | |
| v. | § | Adversary No. 20-05005 |
| | § | |
| FORD MOTOR CREDIT COMPANY, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

---

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324), and Reagor Auto Mall I LLC (Case No. 18-50325).

1

**I.**

Hearing was held on November 21, 2022 on (1) the Trustee's motion in the main bankruptcy case seeking permission to abandon or destroy documents, records, and obsolete equipment [Case No. 18-50214, ECF No. 2679]; and (2) Ford Credit's motion in this adversary proceeding seeking an order staying the proceedings pending its appeal to District Court and striking the Court's scheduling order, or, alternatively, an order reopening discovery and striking the current scheduling-order deadlines and trial dates [Adversary No. 20-05005, ECF No. 364]. The Court issued its order on the two motions on November 23, 2022.[2] The order reopened discovery, directed the parties to confer on the Trustee's proposed disposition of records, set aside the deadlines under the October 11, 2022 Second Amended Scheduling Order, and set new dates for trial.

The order references that, as requested by the Court, counsel for Ford Credit forwarded a letter to the Court on November 21, 2022 that specifies Ford Credit's follow-up discovery requests. ECF No. 377 at 4.[3] The next day, the Trustee, through counsel, sent his letter objecting to Ford Credit's requested discovery. Both letters have been filed and docketed with the Court. ECF Nos. 381 and 382.

**II.**

1.    The interrogatories and requests for production on which Ford Credit seeks follow-up discovery were previously addressed by the Court's Memorandum Opinion and Order of October 29, 2021 [ECF No. 201] on Ford Credit's motion to compel [ECF No. 172].

---

[2] The order was entered in the bankruptcy case on November 23, 2022 [Case No. 18-50214, ECF No. 2714] and in the adversary proceeding on November 28, 2022 [Adversary No. 20-05005, ECF No. 377].

[3] Reference to "ECF No." refers to the numbered docket entry in Adversary No. 20-05005, unless otherwise stated.

2. The Rule 30(b)(6) deposition topics on which Ford Credit requests follow-up discovery were previously addressed by the Court's Memorandum Opinion and Order issued on November 4, 2021 [ECF No. 206].

3. A copy of the original discovery requests is attached to counsel's November 21 letter.[4]

### III.

1. The Trustee's complaint does not allege that Reagor-Dykes intended to hinder, delay, or defraud any *particular* creditor with the payments it made to Ford Credit. The complaint alleges that Reagor-Dykes' conduct resulted in its inability to pay other creditors or fulfill obligations to customers. Complaint, ECF No. 1 ¶ 55. And it further alleges that the Debtors' estates were diminished and harmed as a result of Reagor-Dykes' continuation of its floorplan-based schemes and check kiting practices. *Id.* ¶ 57. The complaint describes Reagor-Dykes' conduct as a Ponzi or Ponzi-like scheme. The Ponzi-scheme presumption does not apply here as the Debtors' conduct, as alleged, did not constitute a Ponzi scheme. *Faulkner v. Ford Motor Credit Co., LLC (In re Reagor-Dykes Motors, LP)*, No. 18-50214-RLJ-11, 2022 WL 2046144, at *8 (Bankr. N.D. Tex. June 3, 2022). Terming such conduct as "Ponzi-like" is descriptive only and has no legal effect.

2. Ford Credit's discovery request is directed towards evidence related to the Trustee's section 548(a)(1)(A) claim.[5] *See* ECF No. 381. To avoid a transaction under § 548(a)(1)(A), a trustee must prove the debtor made the transfer with the "actual intent to hinder, delay, or defraud" its creditors. The debtor's intent is proved through direct and circumstantial evidence, or, in rare instances, through use of the Ponzi-scheme presumption.

---

[4] Trustee's original responses to Ford Credit's discovery requests are found at ECF No. 173.
[5] "Section" or "§" hereinafter refers to the Bankruptcy Code, 11 U.S.C., unless otherwise stated.

3.  Ford Credit is on notice of the Trustee's claims, but its ability to obtain full discovery was potentially hampered by the Trustee's position that he intended to use the Ponzi-scheme presumption at trial, which, as the Trustee argued, would have obviated the need for discovery on the intent element. But, post the initial discovery, the Court held, on Ford Credit's summary judgment motion, that the Ponzi-scheme presumption does not apply to the alleged facts here. The Court thus issued its Order on November 23, 2022 reopening discovery.

4.  In his response to Ford Credit's motion to compel discovery, the Trustee stated that "the Ponzi scheme presumption conclusively establishes intent without the need for transaction-by-transaction proof." ECF No. 186 ¶ 20. Because the Court found the Ponzi-scheme presumption does not apply to this case, the Trustee will need to provide proof that each transfer was made with the requisite intent. While the facts and circumstances may indicate the intent behind multiple transfers, such facts and circumstances do not create a presumption of intent. They are for the fact finder to consider in determining the debtor's intent. *See De La Pena Stettner v. Smith (In re IFS Fin. Corp.)*, 669 F.3d 255 (5th Cir. 2012).

5.  The Trustee additionally referenced other actions from the Reagor-Dykes bankruptcy case, stating that "[t]his Court has ... issued orders in other related adversary proceedings holding that the Debtors' 'Ponzi-like' scheme 'enables the Court to infer fraudulent intent.'" ECF No. 186 ¶ 4 (quoting *Faulkner v. AimBank (In re Reagor-Dykes Motors, LP)*, No. 20-05039, 2021 WL 1219537, at *9 (Bankr. N.D. Tex. Mar. 30, 2021)). The two actions cited by the Trustee are *Faulkner v. AimBank*[6] and *Reagor-Dykes v. FirstCapital*.[7] In those cases, the Trustee sought to avoid Reagor-Dykes' transfers (kited checks or sight drafts) to banks that

---

[6] *Faulkner v. AimBank*, Adv. No. 20-05039, 2021 WL 1219537 (Bankr. N.D. Tex. Mar. 30, 2021).
[7] *Reagor Auto Mall, Ltd. v. FirstCapital Bank of Texas, N.A. (In re Reagor-Dykes Motors, LP)*, Adv. No. 20-05002, 2020 WL 4939180 (Bankr. N.D. Tex. Aug. 24, 2020).

created "float" in Reagor-Dykes' accounts.  (Simply stated, float means the same funds were, for a short period, credited twice within Reagor-Dykes' accounts.)

6. *AimBank* and *FirstCapital* stand for the proposition that check kiting and fraudulent sight drafts can be used to infer fraudulent intent.  *AimBank*, 2021 WL 1219537, at *10; *FirstCapital*, 2020 WL 4939180, at *9.  The transfers in those two cases had a different relationship to the check kiting than do the transfers made to Ford Credit.  The transfers to the banks *created* float; here, a portion of the transfers to Ford Credit were, allegedly, *from* that float.  The Trustee must show how the check kiting, or any other fraudulent activity, is linked to Reagor-Dykes' intent in making the payments the Trustee seeks to avoid.  *See Bos. Trading Grp., Inc. v. Burnazos*, 835 F.2d 1504, 1510–11 (1st Cir. 1987).[8]  This aligns with the Court's Memorandum Opinion on Ford Credit's Second Motion for Summary Judgment, where the Court held that a fraudulent scheme can be circumstantial evidence of a debtor's intent to hinder, delay, or defraud.  ECF No. 355 at 11–14.  The Court stated that to show the debtor's intent when making transfers, "a plaintiff must prove a nexus between the transfer and the transferor's fraudulent scheme." *Id*. at 13.

7. The "transfers" for the section 548(a)(1)(A) causes of action are the payments made by Reagor-Dykes to Ford Credit against the floorplan financing provided by Ford Credit.  The financing establishes consideration—the antecedent debt—for the transfers.

---

[8] In *Burnazos*, one issue was "that S & K, officers of Corporation C, obtain[ed] C's money through dishonest means (larceny, fraud, etc.) and use[d] it to pay a debt that S & K owe[d] B, a transferee who [knew] of, *but did not participate in*, S & K's dishonesty. Does § 7 of the Massachusetts Fraudulent Conveyance Act[, which requires 'actual intent to hinder, delay, or defraud creditors,] permit C to recover its money from B?" 835 F.2d at 1510 (emphasis in original).  There, the First Circuit reasoned that "[f]raudulent conveyance law is basically concerned with *transfers* that 'hinder, delay or defraud' creditors; it is not ordinarily concerned with how such debts were created." *Id*. (emphasis in original).  The court proceeded by looking to circumstances related to S & K's intent in making transfers to B and found those circumstances to be insufficient to find S & K made the transfers with the requisite actual intent. *Id*. at 1511.

### IV.

The Court ORDERS as follows:

1. To the extent the Trustee's answers to Interrogatories 1–4 and Requests for Production 1–7, 15, and 16 would be different in light of his inability to invoke the Ponzi-scheme presumption, the Trustee is directed to supplement his answers to the interrogatories and requests for production.

2. Without limiting the Trustee's obligation under paragraph 1 above, the Trustee shall supplement his response to Interrogatory 1 to state his factual bases for his contention that the transfers to Ford Credit were made with actual intent to hinder, delay, or defraud Reagor-Dykes' existing or subsequent creditors, or both.

3. The Trustee shall supplement his responses to discovery as directed within twenty-five days of this order.

### End of Order ###