**IN THE UNITED STATES BANKRTUPCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

IN RE:

Reagor-Dykes Motors, LP,
Reagor-Dykes Imports, LP,                    Case No. 18-50214-rlj-11
Reagor-Dykes Amarillo, LP,                   Jointly Administered
Reagor-Dykes Auto Company, LP,
Reagor-Dykes Plainview, LP, and
Reagor-Dykes Floydada, LP,
Reagor Auto Mall, Ltd.,
Reagor-Dykes Snyder, L.P.,
Reagor-Dykes Auto Mall I LLC,
Reagor-Dykes II LLC,
Reagor-Dykes III LLC,

        Debtors,

Dennis Faulkner, Creditors' Trustee,

        *Plaintiff,*                          Adversary No. 20-05005-rlj

        vs.

Ford Motor Credit Company LLC,

        *Defendant.*

---

**DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S BRIEF IN
SUPPORT OF MOTION TO COMPEL PLAINTIFF'S ANSWERS AND
RESPONSES TO ITS FIRST SET OF INTERROGATORIES AND
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 2

   **A.**   Ford Credit's Interrogatories and Requests for Production ................................. 2

   **B.**   Ford Credit's Prior Motion to Compel and Motion to Reopen Discovery ......................... 4

   **C.**   The Court's Order Directing the Trustee's Supplemental Answers and Responses .......... 5

   **D.**   The Trustee's Supplemental Answers, Responses, and Objections ................... 5

   **E.**   The Parties' Meet and Confer Efforts ............................................................. 8

LEGAL STANDARD ........................................................................................................... 9

ARGUMENT ....................................................................................................................... 10

   **A.**   The Trustee's supplemental interrogatory answers and responses to requests for
production are inadequate. ................................................................................ 10

      **1.**   Interrogatory No. 3 ................................................................................... 10

      **2.**   Request for Production Nos. 1, 13-16, and 18-19 ................................ 12

   **B.**   The Trustee's supplemental interrogatory answers do not comply with the Court's
December 21, 2022 Order. ............................................................................... 13

      **1.**   The Trustee's supplemental interrogatory answers do not provide any factual basis
for his direct evidence theory ............................................................... 13

      **2.**   The Trustee's supplemental interrogatory answers do not provide any factual basis
for his badges of fraud theory .............................................................. 14

CONCLUSION ..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BioTE Medical, LLC v. Jacobsen,*
  Civ. A. No. 4:18-cv-866, 2021 WL 327505 (E.D. Tex. Feb. 1, 2021) ..............................12, 13

*DeLeon v. City of Dallas,*
  Civ. A. No. 3:02-cv-1097, 2005 WL 8158033 (March 30, 2005) ...........................................15

*FDIC v. Conner,*
  20 F.3d 1376 (5th Cir. 1994) ...................................................................................................15

*In re Heritage Org., LLC,*
  413 B.R. 438 (Bankr. N.D. Tex. 2009).....................................................................................13

*Kamatani v. BenQ Corp.,*
  Civ. A. No. 2:03-cv-437, 2005 WL 2455825 (E.D. Tex. Oct. 4, 2005) .....................................9

*Krawczyk v. City of Dallas,*
  Civ. A. No. 3:03-cv-584, 2004 WL 614842 (N.D. Tex. Feb. 27, 2004)....................................11

*Lopez v. Don Herring Ltd.,*
  327 F.R.D. 567 (N.D. Tex. 2018) .............................................................................................10

*Steadfast Ins. Co. v. Golden Restaurants, Inc.,*
  Civ. A. No. 3:08-cv-1383, 2009 WL 1683605 (N.D. Tex. June 16, 2009) ...............................11

*Taylor v. Rothstein Kass & Co., PLLC,*
  Civ. A. No. 3:19-cv-1594, 2020 WL 7321174 (N.D. Tex. Dec. 11, 2020) ...............................10

*In re Wiggains,*
  848 F.3d 655 (5th Cir. 2017) ...................................................................................................13

**Statutes**

Fed. R. Bankr. P. 7037 ...................................................................................................................9

Fed. R. Civ. P. 26(b)(1)...................................................................................................................9

Fed. R. Civ. P. 33(a)(2)...................................................................................................................9

Fed. R. Civ. P. 33(b)(1)...................................................................................................................9

Fed. R. Civ. P. 33(b)(3)...................................................................................................................9

Fed. R. Civ. P. 34(a) .......................................................................................................................9

Fed. R. Civ. P. 34(a)(1) ...................................................................................................9

Fed. R. Civ. P. 37(a) .......................................................................................................9

Fed. R. Civ. P. 37(a)(3)(B)(iii) .......................................................................................9

Fed. R. Civ. P. 37(a)(3)(B)(iv).......................................................................................9

Fed. R. Civ. P. 37(a)(4)...................................................................................................9

## INTRODUCTION

Defendant Ford Motor Credit Company LLC ("Ford Credit") seeks an Order from the Court compelling Plaintiff Creditors' Trustee, Dennis Faulkner (the "Trustee") to provide full and complete supplemental answers and responses to Ford Credit's First Set of Interrogatories and Second Request for Production of Documents—in particular answers to Interrogatory Nos. 1 and 3 and responses to Request for Production Nos. 1, 13-16, and 18-19. On December 21, 2022, this Court directed the Trustee to provide supplemental answers and responses to certain interrogatories and requests for production previously served by Ford Credit. Dkt. 383. The Trustee subsequently served supplemental answers, responses, and objections which are deficient in three principal ways.

*First*, the Trustee's non-narrative supplemental answers and responses which incorporate by reference his supplemental response to a single interrogatory, and otherwise fail to specifically identify responsive documents and information, are improper as a matter of law.

*Second*, contrary to the Court's Order, the Trustee's supplemental interrogatory answers do not identify any direct evidence of the Debtors' intent in making transfers to Ford Credit.

*Third*, contrary to the Court's Order, the Trustee's supplemental interrogatory answers fail to provide any factual bases for his badges of fraud theory. Instead, the Trustee's supplemental answers rely on legal argument and unsupported, speculative claims which circle back to his meritless argument that the Court should simply presume the Debtors' fraudulent intent.

For the reasons set forth fully below, the Trustee must be compelled to provide full and complete responses to Ford Credit's First Set of Interrogatories and Ford Credit's Second Request for Production.

## FACTUAL BACKGROUND

**A.     Ford Credit's Interrogatories and Requests for Production**

On July 15, 2021, Ford Credit served its First Set of Interrogatories and Second

Request for Production on the Trustee.  They included the following demands:

**Interrogatory No. 1:** Describe in detail the factual basis for your allegation
in Paragraph 60 of the Original Complaint that "[e]ach of the Transfers [to
FMCC[1]] was made with the actual intent of Debtors to hinder, defraud or
delay their existing and/or subsequent creditors."   Your answer should
separately identify each creditor that the Debtors allegedly intended to
hinder, defraud or delay in making each Transfer to FMCC.

**Interrogatory No. 2:** For each creditor identified in response to
Interrogatory No. 1, identify what was allegedly owed by each Debtor to
the creditor on the date of each Transfer, including the amount owed by
each Debtor to the creditor on the date of each Transfer, including the
amount owed, any invoice, contract, or other agreement related to that debt,
the nature of the goods or services provided by the creditor to the Debtors
and forming the basis of the debt, and the dates and amounts of any
payments or other exchange of valuable consideration by the Debtors to the
creditor since August 1, 2016.

**Interrogatory No. 3:** Identify any individual who was involved in the
Debtors' business dealing with each creditor identified in Interrogatory No.
1, or any individual who would have knowledge of the Debtors' business
dealing with that creditor, on or after August 1, 2016.

**Interrogatory No. 4:** For each creditor identified in response to
Interrogatory No. 1, identify what amount allegedly owed by each Debtor
to the creditor remains unpaid, including the amount owed, any invoice,
contract, or other agreement related to that debt, the nature of the goods or
services provided by the creditor to the Debtors and forming the basis of the
debt, and the dates and amounts of any payments or other exchange of
valuable consideration by the Debtors to the creditor.

*See* Trustee's Supplemental Responses and Objections to Ford Credit's First Set of Interrogatories

**(Exhibit A).**

**REQUEST FOR PRODUCTION NO. 1:** For each creditor that you
identify in response to Interrogatory No. 1 in FMCC's First Set of
Interrogatories to Plaintiffs, produce the documents, including contracts,

---

[1]     "FMCC" refers to Ford Credit (Ford Motor Credit Company LLC).

communications, invoices, receipts, memoranda, e-mails, and correspondence evidencing that Debtors intended to hinder, defraud, or delay that creditor when they made the challenged Transfers to FMCC.

**REQUEST FOR PRODUCTION NO. 2:** For each creditor that you identify in response to Interrogatory No. 1, produce the documents comprising or evidencing the debts or amounts owed by the Debtors to each creditor.

**REQUEST FOR PRODUCTION NO. 3:** For each creditor that you identify in response to Interrogatory No. 1, produce the documents comprising or evidencing the debts or amounts owed by the Debtors that remain unpaid to each creditor.

**REQUEST FOR PRODUCTION NO. 4:** For each creditor that you identify in responses to Interrogatory No. 1, produce the documents comprising or evidencing payments from the Debtors to each creditor from August 1, 2016 to the present.

**REQUEST FOR PRODUCTION NO. 5:** Produce the documents that reflect, refer, or relate to the communications the Trustee or his agents have had with anyone employed or previously employed by the Debtors regarding or relating to Debtors' relationship with, and debts, payments, and transfers of other valuable consideration to, each creditors that you allege the Debtors intended to hinder, defraud or delay when the Debtors made the challenged Transfers to FMCC.

**REQUEST FOR PRODUCTION NO. 6:** For each creditor that you identify in response to Interrogatory No. 1, produce copies of any interviews of or statements by that creditors its agents, or employees.

**REQUEST FOR PRODUCTION NO. 7:** Produce the documents and communications between the Debtors, you, or your agents, on the one hand, and the FBI and/or DOJ, on the other, relating to each of the creditors that you allege the Debtors intended to hinder, defraud or delay when the Debtors made the challenged Transfers to FMCC.

**REQUEST FOR PRODUCTION NO. 15:** Produce, from August 1, 2016 to the present, the documents comprising or evidencing the amounts owed by the Debtors to creditors, customers, suppliers, or vendors other than FMCC, including without limitation invoices and billing records.

**REQUEST FOR PRODUCTION NO. 16:** Produce, from August 1, 2016 to the present, the documents comprising or evidencing amounts paid or valuable consideration provided by the Debtors to creditors, customers, suppliers, or vendors other than FMCC, including without limitation invoices and billing records.

*See* Trustee's Supplemental Responses and Objections to Ford Credit's Second Request for Production (**Exhibit B**).

The Trustee served his initial answers and objections to Ford Credit's First Set of Interrogatories and his initial responses and objections to Ford Credit's Second Request for Production of Documents on August 16, 2021.

**B.      Ford Credit's Prior Motion to Compel and Motion to Reopen Discovery**

On September 29, 2021, Ford Credit filed its first motion to compel the Trustee's full and complete responses to the foregoing discovery requests. *See* Dkt. 172. Ford Credit's first motion to compel objected to the Trustee's initial answers, responses, and objections because, among other things, they did not provide adequate responses pertaining to the Debtors' alleged fraudulent intent. *See* Dkt. 173.

The Court denied Ford Credit's motion on October 29, 2021, in large part because the Trustee represented that he intended to prove the intent element of his fraudulent transfer claim by relying on a "Ponzi scheme or Ponzi-like scheme" presumption. *See* Dkt. 201 at 3-4; Dkt. 202. After discovery closed, and over the course of two summary judgment motions filed by Ford Credit, the Trustee's theory of fraudulent intent changed from relying on that alleged Ponzi scheme presumption (which the Court rejected on summary judgment) to instead rely on badges of fraud and direct evidence. *See* Dkts. 321, 355.

On October 24, 2022, in light of the Trustee's new theories, Ford Credit sought an Order continuing the trial and, among other things, reopening discovery concerning the intent element of the Trustee's alleged fraudulent transfer claim. *See* Dkts. 364, 365. In its motion, Ford Credit identified the foregoing interrogatories and requests for production as demands relevant to the Debtors' alleged fraudulent intent that Ford Credit was denied discovery upon, at least in part. *See* Dkt. 365 at 4-7. The Court reopened discovery on November 28, 2022. *See* Dkt. 377.

**C.    The Court's Order Directing the Trustee's Supplemental Answers and Responses**

On December 21, 2022, the Court entered a further Order describing the Trustee's

burden to prove that "each transfer [he seeks to recover from Ford Credit] was made with the

requisite intent." Dkt. 383 at 4. More specifically, the Court held that the Trustee's burden is to

"show how [the Debtors'] check kiting, or other fraudulent activity, is linked to [the Debtors']

intent in making the payments the Trustee seeks to avoid." *Id.* at 5.

The Court's December 21, 2022 Order then directed the Trustee to supplement his

answers and responses to Interrogatories Nos. 1 through 4 in Ford Credit's First Set of

Interrogatories and Requests for Production Nos. 1-7 and 15-16 in Ford Credit's Second Request

for Production to the extent they "would be different" in the absence of the Ponzi-scheme

presumption. *See* Dkt. 383 at 6. The Court also directed the Trustee to supplement his response

to Interrogatory No. 1 above to state the "***factual bases***" for his contention that the transfers that

he seeks to recover from Ford Credit were made with actual intent to hinder, delay, or defraud

creditors. *Id.* at 6 (emphasis added).

**D.    The Trustee's Supplemental Answers, Responses, and Objections**

On January 13, 2023, the Trustee served supplemental answers and responses to

Ford Credit's First Set of Interrogatories and Second Request for Production of Documents. *See*

Exs. A, B. In doing so, the Trustee purported to supplement not only his answers and responses

to the demands identified above, but also his answers and responses to additional interrogatories

and requests for production not explicitly included in the Court's December 21, 2022 Order. *See*

*id.* The Trustee's supplemental answers and responses were, however, almost exclusively devoted

to a five-page, single space supplemental answer to Interrogatory No. 1. *See* Ex. A. That

supplemental answer generally describes the Debtors' fraudulent schemes and otherwise provides

broad conclusory statements (that are unsupported by any evidence) and legal arguments

(including references to briefing submitted to the Court in opposition to Ford Credit's summary judgment motions). *See* Ex. A at 4-9.

For example, with respect to one subset of transfers identified by the Trustee, those occurring one week prior and one week after inventory audits at the Debtors' dealerships, the Trustee's supplemental answer to Interrogatory No. 1 broadly claims, without support, that the Debtors perpetrated fraud around the time of those audits. *See id.* at 7. The Trustee's supplemental answer does not, however, provide any evidence linking the Debtors' actual intent in making those transfers or a nexus (other than an arbitrary 14-day time period) between the transfers and the Debtors' fraud. *See id.*

With respect to another subset of transfers identified by the Trustee, those occurring after January 22, 2018, the Trustee broadly claims that the Debtors' check kiting was "rampant" at all times after that date. *See id.* at 8. But the Trustee's supplemental answer does not provide any evidence linking the alleged check kiting to the Debtors' actual intent in making those transfers or a nexus (other than an arbitrary six-month period) between those transfers and the Debtors' fraud. *See id.*

The absence of any factual bases establishing a link between the Debtors' fraud and the subsets of transfers identified by the Trustee is particularly glaring where he has previously admitted that the Debtors were engaged in hundreds of millions of dollars in legitimate business (and payoffs to Ford Credit) within the purported time frames. *See* Dkt. 258 at 7-8 (quoting the Trustee's testimony concerning the Debtors' legitimate operations). The remainder of the Trustee's supplemental answer to Interrogatory No. 1 is devoted to his renewed objections and arguments that: (1) he is not obligated to identify particular creditors which the Debtors allegedly

intended to defraud; and (2) he is not obligated to identify how particular creditors were harmed by the transfers. *See* Ex. A at 8.

The Trustee's ensuing supplemental interrogatory answers do not provide narrative responses, but instead rely primarily on incorporating his answer and objections to Interrogatory No. 1. *See id.* at 9-10. They include, for example the following bare supplemental answer to Ford Credit's Interrogatory No. 3, which sought the identity of individuals involved with the Debtors' dealings with creditors which the Debtors allegedly intended to hinder, delay, or defraud:

> **Supplemental Answer:**   The Trustee incorporates by reference his response (including his supplemental objection and response) to the second interrogatory in Interrogatory No. 1.

*See* Ex. A at 9.

Similarly, the Trustee's supplemental responses to Requests for Production Nos. 1-7, 9-10, and 12-19 either: (1) broadly incorporate his answer and objections to Interrogatory No. 1; or (2) generically refer Ford Credit to the more than 61,000 documents previously produced by the Trustee in response to all of Ford Credit's requests, coupled with an objection that it is unduly burdensome for the Trustee to identify documents responsive to each such request. *See* Ex. B. The Trustee's supplemental responses and objections to a number of Ford Credit's specific requests are further summarized as follows:

| Ford Credit's Request No. and Topic | The Trustee's Response and/or Objection |
|---|---|
| 1.  Documents and information concerning the Debtors' alleged fraudulent intent. | Incorporates by reference response to Interrogatory No. 1.<br><br>Alleges that unspecified responsive documents have been produced.<br><br>Claims that unspecified responsive evidence was submitted during summary judgment and is identified on the Trustee's trial exhibit list. |

| 13. Documents and information concerning the Debtors' financial state. | Alleges that unspecified responsive documents have been previously produced. |
|---|---|
| 14. Documents and information concerning the debtors bank and other account statements. | Alleges that unspecified responsive documents have been previously produced. |
| 15. Documents and information concerning amounts owed by Debtors to creditors. | Alleges that unspecified "financial records" have been previously produced, but identifies only certain bank statements by Bates No. |
| 16. Documents and information concerning payments by the Debtors to creditors. | Alleges that unspecified "financial records" have been previously produced, but identifies only certain bank statements by Bates No |
| 18. Documents and information concerning when each Debtor became insolvent. | Objects to producing privileged information and further objects to the request as overly broad and unduly burdensome.<br><br>Alleges that unspecified "financial records" have been previously produced and otherwise refers to the Trustee's expert reports and expert deposition testimony. |
| 19. Documents and information concerning when the Debtors' owners became aware that the Debtors' were insolvent or had hindered, delayed, or defrauded creditors. | Alleges that unspecified responsive documents have been previously produced. |

*See* Ex. B.

Indeed, the Trustee produced only one document in connection with his supplemental discovery responses—a spreadsheet originally authored by the Trustee's expert, and apparently modified by the Trustee, which purportedly identifies subsets of transfers one week before and one week after audits. *See generally* Ex. A at 7.

**E.      The Parties' Meet and Confer Efforts**

On January 30, 2023, Ford Credit and the Trustee met and conferred regarding the foregoing discovery. Ford Credit asserted that the Trustee failed to provide full and complete supplemental responses to its First Set of Interrogatories and Second Request for Production of

Documents and failed comply with this Court's Order directing that he identify the factual bases for the intent component of his fraudulent transfer claim. The Trustee disagreed.

Because the Trustee refuses to provide discovery which Ford Credit is entitled to receive and further refuses to comply with the Court's December 21, 2022 Order, Ford Credit is constrained to file the subject motion.

## LEGAL STANDARD

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Any matter that may be inquired into under this rule can be the subject of an interrogatory or request for production. Fed. R. Civ. P. 33(a)(2), 34(a). The party to which an interrogatory is directed must answer it fully in writing and under oath. Fed. R. Civ. P. 33(b)(1), (3). A party responding to a request for production must produce responsive materials in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[D]ocuments are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit." *Kamatani v. BenQ Corp.*, Civ. A. No. 2:03-cv-437, 2005 WL 2455825, at *5 (E.D. Tex. Oct. 4, 2005).

Federal Rule of Civil Procedure 37(a), made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7037, states that on notice to the other parties, "a party may move for an order compelling . . . discovery." The motion may be made if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). For purposes of this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Objections alleging undue burden or expense must

- 9 -

be supported by actual evidence, and conclusory allegations alone are not enough. *Taylor v. Rothstein Kass & Co., PLLC*, Civ. A. No. 3:19-cv-1594, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

## **ARGUMENT**

Ford Credit's Motion should be granted because the Trustee's supplemental answers and responses to Ford Credit's First Set of Interrogatories and Second Request for Production of Documents fall short of his well-established discovery obligations. They also violate the Court's December 21, 2022 Order, which explicitly directs and requires the Trustee to supplement his interrogatory answers and responses to requests for production. *See* Dkt. 383 at 6. Contrary to the Court's Order, the Trustee's supplemental interrogatory answers do not identify the "factual bases" for his direct evidence or badges of fraud theories. They also fail to provide the "factual bases" for his claim that the Debtors transferred funds to Ford Credit "with actual intent to hinder, delay, or defraud" creditors.

A.    **The Trustee's supplemental interrogatory answers and responses to requests for production are inadequate.**

The Trustee must be compelled to provide full and complete answers and responses to a number of Ford Credit's specific interrogatories and requests for production which seek documents and information directly relevant to the Trustee's badges of fraud and direct evidence theories. The Trustee's supplemental answers and responses to those interrogatories and requests are wholly insufficient.

1.    **Interrogatory No. 3**

For example, Interrogatory No. 3 requests that the Trustee identify individuals with knowledge of the Debtors' dealings with creditors they allegedly intended to hinder, delay, or defraud by making transfers to Ford Credit. *See* Ex. A at 9. The Trustee's response to

Interrogatory No. 3 does not identify any individuals. Instead, it generically incorporates his

response to Interrogatory No. 1. It is well-established that such answers amount to a "failure to

disclose, answer, or respond." *Krawczyk v. City of Dallas*, Civ. A. No. 3:03-cv-584, 2004 WL

614842, at *7 (N.D. Tex. Feb. 27, 2004); *see also Steadfast Ins. Co. v. Golden Restaurants, Inc.*,

Civ. A. No. 3:08-cv-1383, 2009 WL 1683605, at *2 (N.D. Tex. June 16, 2009) ("Defendant may

not incorporate one interrogatory answer when answering another interrogatory. Rather, a

complete narrative answer must be provided in response to each interrogatory.").

In this case, the Trustee has, on one hand argued that he does not need or intend to

identify specific creditors that the Debtors intended to hinder, delay, or defraud. *See* Ex. A at 5.

On the other hand, he has simultaneously claimed that the Debtors specifically intended to hinder,

delay, or defraud Ford Credit. *See id.* n.1. But although the Trustee may intend to ask the Court

to presume fraudulent intent towards non-specific creditors, evidence that the Debtors ***did not***

intend to hinder, delay, or defraud creditors would be highly-relevant and disprove the Trustee's

argument that fraudulent intent can simply be inferred. Interrogatory No. 3 seeks the identity of

individuals with knowledge of the Debtors' business dealings with such creditors to explore

whether they might have created, or have knowledge of, such evidence.

Indeed, to counter the Trustee's fraudulent transfer claim, Ford Credit is entitled to

discovery concerning ***any*** direct evidence of the Debtors' entirely ***non-fraudulent*** intent in making

transfers to Ford Credit. The Trustee's supplemental answer to Interrogatory No. 3 (and his lack

of any objection) suggests that he has additional information to disclose or individuals to identify,

and Ford Credit is entitled to an Order compelling full and complete narrative answer. *See*

*Krawczyk*, 2004 WL 614842, at *7; *see also Steadfast Ins. Co.*, 2009 WL 1683605, at *2.

2.      **Request for Production Nos. 1, 13-16, and 18-19**

The Trustee's supplemental responses to seven specific requests for production are also insufficient. First, in response to Request for Production No. 1, which seeks documents and information concerning the Debtors' alleged fraudulent intent, the Trustee merely incorporates his response to Interrogatory No. 1 by reference and claims that unspecified responsive documents were previously produced, some of which were included in the Trustee's summary judgment motions and trial exhibit list. *See* Ex. B at 2.

Next, in response to Request for Production Nos. 13-16, which seek documents and information concerning the Debtors' financial condition—*a badge of fraud alleged by the Trustee*—the Trustee again states that unspecified documents were previously produced and, with very limited exception, fails to identify them. *See id.* at 6-7.

Finally, in response to Request for Production Nos. 18-19, which seek documents and information concerning the Debtors' insolvency and actual intent—*both relating directly to the Trustee's fraudulent intent theories*—the Trustee again states only that unspecified responsive documents have already been produced. *See id.* at 7-8.

The Trustee's attempts to shift his discovery obligations on to Ford Credit by failing to identify responsive documents amongst previously-produced records render his responses entirely inadequate. *See, e.g.*, *BioTE Medical, LLC v. Jacobsen*, Civ. A. No. 4:18-cv-866, 2021 WL 327505, at *8, 10, 12 (E.D. Tex. Feb. 1, 2021) (ordering responding party to identify previously-produced documents to the extent it purported to rely on such written responses). The Trustee's supplemental responses do not provide *any* information permitting Ford Credit to identify responsive documents among those previously produced by the Trustee.

The Trustee has stepped into the Debtors' shoes in this adversary proceeding. To the extent that he is in possession of documents responsive to the foregoing requests—which his

supplemental responses claim is the case—he is obligated to produce them or, at a minimum, specifically identify responsive documents previously produced. *See, BioTE Medical, LLC,* 2021 WL 327505, at *8, 10, 12. Ford Credit respectfully requests an Order compelling the Trustee's full and complete supplemental responses to Request Nos. 1, 13-16, and 18-19, accordingly.

**B.    The Trustee's supplemental interrogatory answers do not comply with the Court's December 21, 2022 Order.**

**1.    The Trustee's supplemental interrogatory answers do not provide any factual basis for his direct evidence theory**

Contrary to the Court's Order, the Trustee's supplemental answer to Interrogatory No. 1 does not identify any of the "direct evidence" of the Debtors' fraudulent intent which the Trustee has repeatedly claimed exists. Direct evidence, as its name suggests, is generally an admission by the transferor that it intended for the transfer to hinder, delay, or defraud its creditors. *See In re Wiggains,* 848 F.3d 655, 661, 662 (5th Cir. 2017); *see also In re Heritage Org., LLC,* 413 B.R. 438, 470 (Bankr. N.D. Tex. 2009) (describing direct evidence of fraudulent intent introduced through trial testimony about events proximate to alleged fraudulent transfer).

Here, the Trustee has argued—including in his supplemental interrogatory answers—that direct evidence establishes the Debtors' actual intent with respect to their transfers to Ford Credit. But the Trustee's supplemental answer to Interrogatory No. 1 is devoid of any factual bases for his theory that such evidence exists. Instead, the Trustee submits an admittedly "duplicative" answer which references prior legal arguments, generically rehashes the Debtors' fraud, and provides only speculative and unsupported statements about the Debtors' knowledge or intent. *See* Ex. A at 4-7.

For example, the Trustee's supplemental answer claims that unspecified "direct and circumstantial evidence" from various "former Reagor-Dykes employees" was attached to his summary judgment response. *See id.* at 6. A few sentences later, the supplemental answer claims

"there is overwhelming direct and circumstantial evidence" of fraudulent intent, *without specifically identifying a shred of it*. *Id.* Ultimately, the Trustee's supplemental answer to Interrogatory No. 1 does not specifically identify *any* direct evidence of the Debtors' intent in making transfers to Ford Credit, let alone fraudulent intent.

The Court ordered the Trustee to supplement his answer to Interrogatory No. 1 and provide the factual bases for the fraudulent intent element of his claim, i.e., his direct evidence theory. Ford Credit is entitled to an interrogatory answer that identifies such evidence, to the extent it exists. And the Trustee must be compelled to provide a full and complete response to Interrogatory No. 1 accordingly.

### 2. The Trustee's supplemental interrogatory answers do not provide any factual basis for his badges of fraud theory

The Trustee's supplemental answer to Interrogatory No. 1 also does not provide the "factual bases" or supporting evidence for his badges of fraud theory. Instead, the supplemental answer relies solely on legal argument and speculative claims that are entirely unsupported by any evidence identified or produced by the parties in this case. For example, the Trustee devotes nearly three full pages to a generalized description of the Debtors' fraud. *See* Ex. A at 4-6. But the Trustee's lengthy (and, in several instances, factually incorrect)[2] description of that fraud is irrelevant and non-responsive because, as this Court previously held, the Debtors' fraud does not presumptively establish their intent in making transfers to Ford Credit. *See* Dkt. 383 at 5.

Peppered throughout the Trustee's supplemental answer to Interrogatory No. 1 are wholly-unsupported and self-serving statements purporting to describe the Debtors' knowledge or intent. *See* Ex. A at 5-6 (e.g., "The evidence shows that when making these transfers [the Debtors

---

[2]    Among other things, the Trustee's purported explanation of the Debtors' processing days for payoffs to Ford Credit and alleged sales out of trust are, at best, incomplete and, at worst, contrary to the evidence in the case.

were] keenly aware that a missed payment would expose the fraud and cause [the Debtors']
demise."). But the Trustee's supplemental answer does not specifically identify any documents or
information supporting his speculative characterization of the Debtors' knowledge or intent. The
Trustee supplemental answer also relies heavily on legal argument and legal conclusions. *See id.*
(e.g., "A transferor ... is presumed to have intended the natural consequence of its actions."). In
fact, the Trustee goes so far as to refer Ford Credit to its summary judgment briefing, where he
previously summarized the Debtors' fraud. *See id.* at 6 (e.g., "[a]s explained more fully in the
Trustee's brief in support of its response to FMCC's second motion for summary judgment ....").

 Unsupported allegations and legal argument cannot form the basis of an adequate
interrogatory answer. *See DeLeon v. City of Dallas*, Civ. A. No. 3:02-cv-1097, 2005 WL 8158033,
at *2 (March 30, 2005) (compelling further interrogatory answers where party attempted to provide
only "vague and conclusory statements or argument."); *FDIC v. Conner*, 20 F.3d 1376, 1382 (5th
Cir. 1994) (affirming discovery sanction where, among other things, a party stated "general legal
conclusions in [interrogatory] answers without stating the facts upon which those conclusions were
based."). And the Trustee's supplemental interrogatory responses are not an exception to that rule.

 The Trustee's conclusory statements and legal arguments culminate in a thinly-
veiled suggestion that this Court should infer that more than 3,000 transfers in the two years prior
to the Debtors' bankruptcy filings were made with actual fraudulent intent. *See* Ex. A at 6. This,
despite the Court's unambiguous order that the Trustee "will need to provide proof that ***each
transfer*** was made with the requisite intent" and that "facts and circumstances ***do not create a
presumption of intent.***" Dkt. 383 at 4 (emphasis added).

 Then, perhaps finally recognizing that he is not entitled to the blanket presumption
of intent he seeks, the Trustee's supplemental answer to Interrogatory No. 1 attempts to identify

supplemental information concerning two subsets of transfers from the Debtors to Ford Credit: (1) transfers made seven days before and seven days after inventory audits; and (2) all transfers made after January 22, 2018. *See* Ex. A at 6-8. Again, the Trustee's supplemental answer generally describes the fraud occurring during these time periods and otherwise relies on legal conclusions and wholly unsupported and conclusory claims concerning the Debtors' knowledge or intent when making those transfers. *See id.*

The Trustee's supplemental answer does not provide any factual bases connecting the Debtors' fraud with its transfers to Ford Credit during the subset periods the Trustee purports to identify. Nor does the Trustee even attempt to distinguish the hundreds or thousands of irrefutably legitimate transfers from the Debtors to Ford Credit timely paying off amounts legitimately owing with funds legitimately obtained during both time periods. Instead, the Trustee's circular supplemental interrogatory answer leads Ford Credit—and the Court—back to the Trustee's flawed argument that, merely because fraud was occurring at the same time as the Debtors' transfers to Ford Credit, the Court should presume fraudulent intent *for all transfers*. That is not the standard for proof of fraudulent intent. *See* Dkt. 383.

This Court's December 21, 2022 Order directs the Trustee to supplement his answer to Interrogatory No. 1 with more than simply conclusory arguments about the Debtors' alleged presumptive intent. *See id.* The Trustee failed to do so. Because Ford Credit is entitled to discovery concerning the factual bases for the Trustee's badges of fraud theory, to the extent it exists, the Trustee must be compelled to further supplement his answer to Interrogatory No. 1.

## CONCLUSION

For all of the foregoing reasons, Ford Credit respectfully requests that the Court issue an Order compelling the Trustee to provide full and complete supplemental answers and

responses to Interrogatory Nos.: 1 and 3 in Ford Credit's First Set of Interrogatories and Request

Nos.: 1, 13-16, and 18-19 in Ford Credit's Second Request for Production of Documents.

Dated:  February 3, 2023                     Respectfully submitted,

                                             BAKER BOTTS LLP
                                             Kevin M. Sadler, Esq.
                                             Michael S. Goldberg, Esq.
                                             910 Louisiana Street
                                             Houston, TX 77002-4995
                                             (713) 229-1401 – Telephone
                                             (713) 229-2801 - Facsimile
                                             kevin.sadler@bakerbotts.com
                                             michael.goldberg@bakerbotts.com


                                             PHILLIPS LYTLE LLP

                                             /s/ Craig A. Leslie, Esq.
                                             Craig A. Leslie, Esq.
                                             Jacob S. Sonner, Esq.
                                             Admitted Pro Hac Vice
                                             One Canalside
                                             125 Main Street
                                             Buffalo, NY 14203
                                             (716) 847-8400 – Telephone
                                             (716) 852-6100 – Facsimile
                                             cleslie@phillipslytle.com
                                             jsonner@phillipslytle.com

                                             *ATTORNEYS FOR DEFENDANT*
                                             *FORD MOTOR CREDIT COMPANY LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, a copy of the foregoing Brief was filed electronically.  Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System ("ECF").  Parties may access this filing through ECF.

/s/ Craig A. Leslie
Craig A. Leslie