IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

IN RE:

Reagor-Dykes Motors, LP,
Reagor-Dykes Imports, LP,
Reagor-Dykes Amarillo, LP,
Reagor-Dykes Auto Company, LP,
Reagor-Dykes Plainview, LP, and
Reagor-Dykes Floydada, LP,
Reagor Auto Mall, Ltd.,
Reagor-Dykes Snyder, L.P.,
Reagor-Dykes Auto Mall I LLC,
Reagor-Dykes II LLC,
Reagor-Dykes III LLC,

    Debtors,

Case No. 18-50214-rlj-11
Jointly Administered

Dennis Faulkner, Creditors' Trustee,

    *Plaintiff*,

vs.

Ford Motor Credit Company LLC,

    *Defendant*.

Adversary No. 20-05005-rlj

**DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL PLAINTIFF'S ANSWERS AND RESPONSES TO ITS FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    A.    The Trustee must be compelled to supplement his answer
            to Ford Credit's Interrogatory No. 3 ................................................................... 2

    B.    The Trustee must be compelled to supplement his response
            to Ford Credit's Request for Production Nos. 1, 13-16, and 18-19 ..................... 5

    C.    The Trustee must be compelled to supplement his answer
            to Ford Credit's Interrogatory No. 1 ................................................................... 8

          1.    The Trustee supplemental interrogatory answer fails to state the factual bases for
               his direct evidence theory ...................................................................... 8

          2.    The Trustee supplemental interrogatory answer fails to state the factual bases for
               his badges of fraud theory .................................................................... 9

CONCLUSION ....................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................... 12

# TABLE OF AUTHORITIES

Page

**Cases**

*BioTE Medical, LLC v. Jacobsen,*
  Civ. A. No. 4:18-cv-866, 2021 WL 327505 (E.D. Tex. Feb. 1, 2021) ...............................5, 6, 7

*Gomez v. Nationwide Prop. and Casualty Ins. Co.,*
  Civ. A. No. 5:15-CV-67, 2016 WL 6816215 (S.D. Tex. Feb. 26, 2016) .................................8

*Janvey v. Greenberg Traurig, LLP,*
  Civ. A. No. 3:12-cv-4641, 2019 WL 13175533 (N.D. Tex. Feb. 12, 2019) .......................9, 10

*Jonibach Mgmt. Trust v. Wartburg Enters.', Inc.,*
  136 F. Supp. 3d 792 (S.D. Tex. 2015) ......................................................................................8

*Katrinecz v. Motorola Mobility LLC,*
  Civ. A. No. 1:12-cv-235, 2014 WL 12160772 (W.D. Tex. Aug. 11, 2014) ............................8

*Krawczyk v. City of Dallas,*
  Civ. A. No. 3:03-cv-584, 2004 WL 614842 (N.D. Tex. Feb. 27, 2004) ..........................2, 3, 4

*Lopez v. Don Herring Ltd.,*
  327 F.R.D. 567 (N.D. Tex., Aug. 1, 2018) ............................................................................3, 9

*MCR Oil Tools, LLC v. Wireline Well Servs. Tunisia,*
  Civ. A. No. 3:19-cv-2536, 2021 WL 7906873 ........................................................................7

*MGP Ingredients, Inc. v. Mars, Inc.,*
  Civ. A. No. 2:06-cv-2318, 2007 WL 3010343 (D. Kan. Oct. 15, 2007) .................................5

*Oppenheimer Fund, Inc. v. Sanders,*
  437 U.S. 340 (1978) ..................................................................................................................7

*Pressman v. Publix Super Markets, Inc.,*
  Civ. A. No. 0:06-cv-61350, 2007 WL 9700560 (S.D. Fla. Oct. 1, 2007) ................................6

*Steadfast Ins. Co. v. Golden Restaurants, Inc.,*
  Civ. A. No. 3:08-cv-1383, 2009 WL 1683605 (N.D. Tex. June 16, 2009) ......................2, 3, 4

*VeroBlue Farms USA Inc. v. Wulf,*
  Civ. A. No. 3:19-cv-764, 2021 WL 5176839 (N.D. Tex. Nov. 8, 2021) ..............................2, 3

**Other Authorities**

Fed. R. Civ. P. 33 ...............................................................................................................................3

Fed. R. Civ. P. 33(b) ...........................................................................................................................3

## **INTRODUCTION**

This motion was not, as Plaintiff Creditors' Trustee, Dennis Faulkner (the "Trustee") describes it, "inevitable." To the contrary, it could have been avoided entirely if, at any point during the pendency of this adversary proceeding, the Trustee had provided full and complete answers and responses to the interrogatories and requests for production served by Defendant Ford Motor Credit Company LLC ("Ford Credit"). He did not and has not, and Ford Credit is entitled to an order compelling full and complete supplemental answers and responses to Interrogatory Nos. 1 and 3 in Ford Credit's First Set of Interrogatories and Request Nos. 1, 13-16, and 18-19 in Ford Credit's Second Request for Production of Documents. The arguments raised by the Trustee in opposition to this motion fail for two primary reasons.

*First*, the Trustee does not and cannot dispute the scope of his ordinary discovery obligations. The Trustee also cannot dispute the Court's Order unambiguously requiring him to supplement his answers and responses to the foregoing interrogatories and requests for production and further obligating him to state the "factual bases" for his claim that transfers to Ford Credit were made with "actual intent to hinder, delay, or defraud ... creditors." Dkt. 383 at 6. The Trustee is bound by his discovery obligations and this Court's prior order, and he should be compelled to abide by them.

*Second*, the Trustee's belated attempts to use his opposition to supplement his answers and responses do not rehabilitate their fundamental deficiencies. Ford Credit is entitled to full and complete answers and responses ***to its discovery requests***. The Trustee does not discharge his discovery obligations by attempting to supplement deficient responses through argumentative motion opposition. For the reasons set forth below, and in Ford Credit's initial brief (Dkt. 386), the Trustee should be compelled to provide full and complete responses to Ford Credit's Interrogatories and Requests for Production.

## ARGUMENT

A. **The Trustee must be compelled to supplement his answer to Ford Credit's Interrogatory No. 3**

The Trustee has not and cannot articulate any explanation for his abject failure to provide an adequate supplemental answer to Interrogatory No. 3. His answer must therefore be compelled. For the Court's reference, Interrogatory No. 3 seeks the identity of individuals with knowledge of the Debtors' dealings with creditors they allegedly intended to hinder, delay, or defraud by making transfers to Ford Credit. *See* Dkt. 386, Ex. A at 9. The Trustee's supplemental answer states only that he "incorporates by reference his responses (including his supplemental objection and response) to … Interrogatory No. 1."

The Trustee has not and cannot dispute that a barebones answer merely incorporating a prior response is deficient as a matter of law and constitute a "failure to disclose, answer, or respond." *Krawczyk v. City of Dallas*, Civ. A. No. 3:03-cv-584, 2004 WL 614842, at *7 (N.D. Tex. Feb. 27, 2004); *see also Steadfast Ins. Co. v. Golden Restaurants, Inc.*, Civ. A. No. 3:08-cv-1383, 2009 WL 1683605, at *2 (N.D. Tex. June 16, 2009). Instead, he doubles down and spouts unfounded, irrelevant, and easily rejected accusations at Ford Credit designed to distract from his improper interrogatory answer.

First, identifying Lindsay Williams, Shane Smith, and "other former Reagor-Dykes' employees who pled guilty" in responding to an entirely different interrogatory is not a good faith answer to a request for individuals with knowledge of the Debtors' dealings with creditors. *See VeroBlue Farms USA Inc. v. Wulf*, Civ. A. No. 3:19-cv-764, 2021 WL 5176839 *27 (N.D. Tex. Nov. 8, 2021) (In responding to an interrogatory, a party must review "all sources of responsive information reasonably available to him and provid[e] the responsive, relevant facts reasonably available to him."). And the Trustee cannot properly supplement his answer to

Interrogatory No. 3 in opposition to this motion. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 591 (N.D. Tex., Aug. 1, 2018) (counsel's explanations in an unsworn brief in response to a motion to compel do not meet a party's discovery obligations because they do not comply with Rule 33(b)'s requirement that supplemental interrogatory answers be stated under oath.). The Trustee stepped into the Debtors' shoes in this adversary proceeding. To the extent he is aware of individuals involved in the Debtors' dealings with creditors, be they Lindsay Williams, Shane Smith, or other Reagor-Dykes employees that pleaded guilty ***or did not plead guilty***, the Trustee must identify and disclose them in a verified answer.

Second, it is not Ford Credit's obligation to interpret deficient interrogatory answers. It is the Trustee's duty to provide adequate answers in the first place. *Krawczyk*, 2004 WL 614842, at *7; *Steadfast Ins. Co.*, , 2009 WL 1683605, at *2. Moreover, even if Ford Credit knew the answer to Interrogatory No. 3 (as the Trustee incorrectly claims), it is entirely proper for Ford Credit to seek an answer to the Interrogatory under oath, pursuant to Rule 33. *VeroBlue Farms USA Inc. v. Wulf*, WL 5176839 *27 (N.D. Tex. Nov. 8, 2021) ("It has long been a rule of discovery practice that a party can seek information to which he already knows the answer.").

Third, Ford Credit did not sit idly during discovery in this adversary proceeding. The Trustee knows full well why Ford Credit now seeks to compel the identity of individuals with knowledge of the Debtors' dealings with creditors before summary judgment motions. The Trustee previously represented to Ford Credit and this Court that he was relying on a Ponzi-scheme presumption for fraudulent intent. With discovery re-opened to address the Trustee's direct evidence and badges of fraud theories, evidence of the Debtors' actual intent is material and necessary for Ford Credit's defense. The Court recognized as much in re-opening discovery and

ordering the Trustee to supplement his answer to Interrogatory No. 3, ostensibly for the purpose of providing necessary discovery to Ford Credit. *See* Dkt. 383.

Fourth, contrary to the Trustee's arguments, Ford Credit has never claimed that the Debtors acted with fraudulent intent ***in making transfers to Ford Credit to pay off amounts legitimately extended in wholesale financing***. The Trustee's false claim that Ford Credit has conceded as much ultimately betrays that his fraudulent transfer claim rests on the flawed notion that simply because the Debtors engaged in floorplan fraud and check kiting, transfers to Ford Credit are presumptively fraudulent. *See, e.g.*, Dkt. 386, Ex. A at 6 (suggesting that this Court might "infer" fraudulent intent for all transfers by the Debtors to Ford Credit).

Fifth, Shane Smith's affidavit does not provide direct evidence of the Debtors' fraudulent intent in making transfers to Ford Credit. *See* Affidavit of Shane A. Smith, sworn to November 30, 2021 and attached as Exhibit A. In fact, the opposite is true. Smith's affidavit confirms that: the Debtors paid trade creditors and ordinary business debts as they came due (*id.*, ¶ 4); the Debtors were engaged in millions of dollars in legitimate business (*id.*, ¶ 5); Smith did not know or believe that the Debtors would inevitably fail (*id.*, ¶ 12); transfers from the Debtors to Ford Credit "were to satisfy legitimate contractual debts owed;" and Smith intended transfers to Ford Credit to satisfy the Debtors' contract obligations, not to hinder, delay, or defraud creditors (*id.*, ¶ 19). Ford Credit is entitled to determine whether other individuals familiar with the Debtors' dealings with creditors shared Smith's understanding of the nature of transfers to Ford Credit.

Finally, the Trustee's objection that Interrogatory No. 3 seeks information "about particular creditors" is misplaced. As an initial matter, the Trustee's non-narrative supplemental answer does not properly set forth ***any*** objection to the interrogatory. *Krawczyk*, 2004 WL 614842, at *7; *Steadfast Ins. Co.*, 2009 WL 1683605, at *2. And the Trustee's belated attempt to raise a

misplaced objection in opposition to this motion should be disregarded on that basis alone. Even if the Court were to consider the Trustee's untimely objection, identifying responsive individuals that the Trustee is aware of is not a "Herculean" or "impossible" task.

The Trustee has stepped into the Debtors' shoes in this adversary proceeding. If he has, in his possession, information identifying individuals with knowledge of the Debtors' dealings with creditors, he must provide it. At a minimum, Ford Credit is entitled to a full narrative supplemental answer to Interrogatory No. 3. It is undisputed that the Trustee has not provided one, and he must be compelled to do so.

**B.  The Trustee must be compelled to supplement his response to Ford Credit's Request for Production Nos. 1, 13-16, and 18-19**

The Trustee's opposition stretches outside Fifth Circuit jurisprudence in an attempt to recast his supplemental discovery obligations. But the case law he purports to rely on is inapposite and does not overcome his fundamental discovery obligation to provide written responses that specifically identify previously-produced responsive documents to the extent he claims they exist. *See BioTE Medical, LLC v. Jacobsen*, Civ. A. No. 4:18-cv-866, 2021 WL 327505, at *8, 10, 12 (E.D. Tex. Feb. 1, 2021). The Trustee should be compelled to provide supplemental answers comporting with that obligation.

For example, the Trustee's opposition purports to rely on the District Court of Kansas's decision in *MGP Ingredients, Inc.* which describes the manner in which documents must be produced when they are provided in direct response to certain requests, ***not what must be provided when responsive documents previously produced are purportedly identified in supplemental responses***. *See MGP Ingredients, Inc. v. Mars, Inc.*, Civ. A. No. 2:06-cv-2318, 2007 WL 3010343, at *3-4 (D. Kan. Oct. 15, 2007). The Southern District of Florida's decision in

*Pressman* addressed responses to requests for production in a similar posture. *Pressman v. Publix Super Markets, Inc.*, Civ. A. No. 0:06-cv-61350, 2007 WL 9700560, at *4 (S.D. Fla. Oct. 1, 2007).

Ford Credit is not asking that the Trustee be compelled to produce documents in any particular format. Rather, Ford Credit requests only that the Trustee satisfy his ordinary discovery obligations to specifically identify previously-produced documents he purports to reference in his supplemental response. *See BioTE Medical, LLC*, 2021 WL 327505, at *8, 10, 12.

The Trustee's opposition to this motion reflects his prior arguments that he can generically claim that responsive documents exist without identifying them. But this Court has rejected similar arguments by the Trustee in other contexts. *See, e.g., In re: Reagor-Dykes Motors, LP, et al.*, Case No. 18-50214-rlj, Order Concerning the Trustee's Motion to Approve Destruction of Documents, Records, and Equipment. (Dkt. 2718) (finding that the Trustee's offer to permit Ford Credit access to "inspect 'all hard copy documents' is not a serious response.").

Beyond this, one of the most troubling aspects of the Trustee's opposition to this motion is his apparent insistence that he can adequately respond to requests for production through generic reference to an entirely different interrogatory answer, his 2,000-document trial exhibit list, his summary judgment exhibits, or other unspecified documents he previously produced. But the Trustee's arguments in this regard are inconsistent with the Rules, controlling caselaw, and his general discovery obligations.

First, the Trustee's belated attempt to supplement his responses to Request for Production Nos. 1, 13-16, and 18-19 in opposition to this motion is impermissible. *See BioTE Medical, LLC*, 2021 WL 327505, at *8, 10, 12. The Trustee cannot dispute (and has not disputed) that, with limited exception, his narrative responses to the requests at issue do not specifically

identify responsive documents despite insisting that they have been previously-produced. The Trustee must be compelled to provide full and complete responses on this basis alone. *See id.*

Second, to the extent the Trustee's opposition implicitly seeks this Court's permission to identify *only* the documents he intends to rely on at trial (regardless of whether other responsive documents or information exists), his arguments must be rejected. *See generally MCR Oil Tools, LLC v. Wireline Well Servs. Tunisia*, Civ. A. No. 3:19-cv-2536, 2021 WL 7906873, at *3 ("'Discovery is not limited to issues raised by the pleadings ... [n]or is discovery limited to the merits of a case'—its purpose, contrastingly, is to explicate the various issues that may arise during litigation.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Discovery is not limited to the evidence the Trustee intends to rely on at trial, regardless of how many exhibits he purports to designate. The Trustee has produced more than 61,000 documents in this case, and he expressly claims that an unspecified number of those documents are responsive to Request for Production Nos. 1, 13-16, and 18-19. He must specifically identify them.

Finally, the Trustee does not dispute that the requests for production at issue in this motion bear directly on his fraudulent transfer claim and, specifically, its intent element. This Court reopened discovery and ordered the Trustee to provide supplemental discovery responses concerning that element. The Trustee cannot avoid his obligation to specifically identify previously-produced documents in a supplemental response. *See BioTE Medical, LLC*, 2021 WL 327505, at *8, 10, 12. Nor can he rehabilitate his deficient responses by identifying trial exhibits and other post-discovery submissions in opposition to this motion to compel. *See MCR Oil Tools, LLC*, 2021 WL 7906873, at *3. Instead, the Trustee should be compelled to provide a full and complete response to each of the foregoing requests for production.

C.  **The Trustee must be compelled to supplement his answer to Ford Credit's Interrogatory No. 1**

This Court unambiguously ordered the Trustee to supplement his answer to Interrogatory No. 1 to state the "factual bases" for his claim that transfers to Ford Credit were made with "actual intent to hinder, delay, or defraud … creditors." Dkt. 383 at 6. Since Ford Credit's summary judgment motions, and after the Court rejected his Ponzi-scheme presumption theory, the intent element of the Trustee's fraudulent transfer claim has rested on direct evidence and circumstantial evidence (i.e., badges of fraud) theories. The Trustee's supplemental answer to Interrogatory No. 1 does not comply with the Court's Order, and his efforts to supplement his answer in opposition to this motion does not rehabilitate its fundamental deficiencies.

It is well-established that contention interrogatories are not only permissible, they are properly used to frame issues for trial. *See Jonibach Mgmt. Trust v. Wartburg Enters.', Inc.*, 136 F. Supp. 3d 792, 822 n.32 (S.D. Tex. 2015); *Gomez v. Nationwide Prop. and Casualty Ins. Co.*, Civ. A. No. 5:15-CV-67, 2016 WL 6816215, at *5-6 (S.D. Tex. Feb. 26, 2016); *Katrinecz v. Motorola Mobility LLC*, Civ. A. No. 1:12-cv-235, 2014 WL 12160772, at *3 (W.D. Tex. Aug. 11, 2014). Interrogatory No. 1 is a contention interrogatory that asks the Trustee to identify the factual bases underlying the intent element of his fraudulent transfer claim. *See* Dkt. 386, Ex. A at 2. The Court ordered the Trustee to supplement his answer to Interrogatory No. 1 and identify such evidence. *See* Dkt. 383. The Trustee's supplemental answer to Interrogatory No. 1 fails to do so (*see* Dkt. 386, Ex. A at 4-9), and he should be compelled to supplement it accordingly.

1.  **The Trustee supplemental interrogatory answer fails to state the factual bases for his direct evidence theory**

The Trustee's opposition attempts to do what his supplemental interrogatory answer does not: clarify what he considers direct evidence of the Debtors' fraudulent intent. Specifically, the Trustee purports to identify a list of five documents (or document categories)

attached to his summary judgment opposition that he now contends are responsive to Interrogatory No. 1. *See* Dkt. 390, ¶ 11. But the Trustee's supplemental answer to Interrogatory No. 1 provides no such list. Instead, it generically references only the Trustee's summary judgment briefing and attached exhibits. *See* Dkt. 386, Ex. A at 4.

Supplementing an interrogatory answer via motion opposition does not discharge the Trustee's ordinary discovery obligations. *See Lopez*, 327 F.R.D. at 591. Even if it did, the evidence the Trustee now belatedly purports to identify has either been ruled inadmissible or is entirely unrelated to the Debtors' intent in making transfers to Ford Credit. *See* Dkt. 390, ¶ 11. The Trustee's opposition is correct on one point, however—Ford Credit does, in fact, disagree about the "import" of the Trustee's alleged direct evidence of fraudulent intent and, indeed, whether it constitutes "direct evidence" at all. *See* Dkt. 390, ¶ 12.

For purposes of discovery and this motion, however, it is undisputed that Ford Credit is entitled to a full and complete answer to its contention interrogatory seeking the factual basis for the Trustee's direct evidence theory. *See Janvey v. Greenberg Traurig, LLP*, Civ. A. No. 3:12-cv-4641, 2019 WL 13175533, at *6 (N.D. Tex. Feb. 12, 2019). To the extent the Trustee now claims that his motion opposition states the complete factual bases for that theory, he should be compelled to provide a supplemental answer to Interrogatory No. 1 verifying those bases.

2.   **The Trustee supplemental interrogatory answer fails to state the factual bases for his badges of fraud theory**

As with his failure to properly identify direct evidence, the Trustee's motion opposition also purports to identify a discrete list of documents serving as the factual bases for his alleged badges of fraud theory (e.g., his trial exhibit list, documents attached to his summary judgment opposition, one deposition transcript, and Shane Smith's affidavit), which were not specifically identified in his supplemental interrogatory answer. *See* Dkt. 390, ¶ 18. Again, the

Trustee doubles down on an interrogatory answer that improperly references post-discovery submissions, and otherwise provides no supplemental information. *See id.*

The Trustee's arguments reveal that his alleged circumstantial evidence does not establish any link between the Debtors' fraud and the transfers to Ford Credit—the standard of proof he will be held to at trial. *See* Dkt. 383 at 5. The Trustee's arguments also confirm that he has not identified (and cannot identify) documents or information evidencing unsupported statements in his interrogatory answer purporting to describe the Debtors' knowledge or intent. *See* Dkt. 386, Ex. A at 5-6 (e.g., "[the Debtors made payments to [Ford Credit] knowing that doing so would perpetuate a fraudulent enterprise ...."). 

Regardless, Ford Credit is entitled to a full and complete answer to its contention interrogatory seeking the factual bases for the Trustee's badges of fraud theory. *Janvey*, 2019 WL 13175533, at *6. If the Trustee's factual bases for that theory is truly limited to the documents listed in the Trustee's opposition to this motion, then he should be compelled to provide a supplemental interrogatory answer verifying as much. If he instead intends to rely on different, yet undisclosed documents and information, Ford Credit is entitled to a supplemental response identifying such evidence. Either way, the Trustee must be compelled to further supplement his answer to Interrogatory No. 1.

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in Ford Credit's initial brief (Dkt. 386), Ford Credit respectfully requests that the Court issue an Order compelling the Trustee to provide full and complete supplemental answers and responses to Interrogatory Nos. 1 and 3 in Ford Credit's First Set of Interrogatories and Request Nos. 1, 13-16, and 18-19 in Ford Credit's Second Request for Production of Documents.

Dated: February 20, 2023

Respectfully submitted,

BAKER BOTTS LLP
Kevin M. Sadler, Esq.
Michael S. Goldberg, Esq.
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1401 – Telephone
(713) 229-2801 - Facsimile
kevin.sadler@bakerbotts.com
michael.goldberg@bakerbotts.com

PHILLIPS LYTLE LLP

/s/ Craig A. Leslie, Esq.
Craig A. Leslie, Esq.
Jacob S. Sonner, Esq.
Admitted Pro Hac Vice
One Canalside
125 Main Street
Buffalo, NY 14203
(716) 847-8400 – Telephone
(716) 852-6100 – Facsimile
cleslie@phillipslytle.com
jsonner@phillipslytle.com

*ATTORNEYS FOR DEFENDANT*
*FORD MOTOR CREDIT COMPANY LLC*

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, a copy of the foregoing Reply Brief was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System ("ECF"). Parties may access this filing through ECF.

                           */s/ Craig A. Leslie*
                           Craig A. Leslie