

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 7, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP,[1] | § | Case No.: 18-50214-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| DENNIS FAULKNER, Creditors' Trustee of the Creditors Trust, | § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 20-05005 |
| | § | |
| FORD MOTOR CREDIT COMPANY, LLC, | § § | |
| | § | |
| Defendant. | § | |

## ORDER

_____

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324), and Reagor Auto Mall I LLC (Case No. 18-50325).

On February 22, 2023, hearing was held on Ford Credit's motion that asks the Court to order the Trustee to further supplement answers to Interrogatory Nos. 1 and 3 of Ford Credit's First Set of Interrogatories and responses to Ford Credit's Second Request for Production.[2] ECF No. 385.[3] The Trustee opposes further supplementation.[4] ECF No. 389.

The Court has considered the motion, the Trustee's response (and Ford Credit's reply), the supplemental answers and responses, the briefs filed by the parties in support of their respective positions, the arguments of counsel, and the Court's order of December 21, 2022 that directed the Trustee to supplement his answers to these discovery items.

The Trustee has adequately supplemented the discovery as directed by the Court. As to Interrogatory No. 1, Ford Credit misconstrues both the Court's order and its own interrogatory. Interrogatory No. 1 does not ask the Trustee to distinguish between direct and circumstantial evidence. The Court's order simply directed the Trustee to state the factual bases for his contention that the transfers to Ford Credit were made with actual intent to hinder, delay, or defraud Reagor-Dykes' creditors. The Trustee's answer to Interrogatory No. 1 is more than sufficient.

Ford Credit's following interrogatories are premised upon the Trustee identifying "each creditor" that the Debtors intended to hinder, delay, or defraud in making each transfer to Ford Credit. The Court's order states that the Trustee's complaint "does not allege that Reagor-Dykes intended to hinder, delay, or defraud any *particular* creditor with the payments it made to Ford Credit." ECF No. 383 at 3 (emphasis in original). Ford Credit is fully apprised of the Trustee's factual and legal bases for the causes of action here. In fact, Ford Credit, at the hearing on its

---

[2] "Ford Credit" refers to the Defendant Ford Motor Credit Company, LLC.
[3] "ECF No." refers to the numbered docket entry in Adversary No. 20-05005, unless otherwise stated.
[4] "Trustee" refers to the Plaintiff Dennis Faulkner, Creditors' Trustee of the Creditors Trust.

motion for stay relief in the bankruptcy case, generally proved the floorplan-based fraud schemes that are alleged here.  *See* Case No. 18-50214, ECF No. 865 at 6–7.

The Trustee has adequately supplemented Interrogatory No. 3 and Requests for Production Nos. 1, 13–16, and 18–19.  The Court sustains the Trustee's objections to further supplementation of his answers to the Interrogatories and Requests for Production.  It is, therefore,

ORDERED that the relief requested by Ford Credit's motion to compel is denied.

### End of Order ###