IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE:<br><br>Reagor-Dykes Motors, LP, et al.<br><br>  Debtors, | Case No. 18-50214-rlj-11<br>Jointly Administered |
| Dennis Faulkner, Creditors' Trustee,<br><br>  *Plaintiff*<br><br>  vs.<br><br>Ford Motor Credit Company, LLC,<br><br>  *Defendant* | Adversary No. 20-05005-rlj |

### CREDITORS' TRUSTEE DENNIS FAULKNER'S OBJECTIONS TO FORD MOTOR CREDIT COMPANY, LLC'S TRIAL EXHIBITS

Creditors' Trustee, Dennis Faulkner (the "Trustee"), objects to Ford Motor Credit Company, LLC's ("FMCC") trial exhibits, as follows.

**FMCC Exhibit 23**

1. FMCC Exhibit 23 is the Trustee's Notice of Summary of Claims by Plan Class (Bkr. Dkt. No. 2295). The Court has ruled that the Trustee's claims are not "capped" by the amount of remaining priority, administrative, and allowed unsecured claims. *See* Adv. Dkt. No. 321 at 29-34. The Trustee objects to Exhibit 23 as not being relevant to any disputed claims and defenses in this adversary proceeding.

**FMCC Exhibits 45-82, 1263-1274, 1424-1425**

2. FMCC Exhibits 45-82, 1263-1274, and 1424-1425 consist of the reports and exhibits prepared by FMCC's expert witnesses Josh Johnston and Hugh Johnson. While these

exhibits are hearsay, the Trustee will not object to these exhibits if FMCC does not object to the Trustee's exhibits related to its expert witnesses.

### FMCC Exhibits 83-85, 89-97, 100-106

3.      FMCC Exhibits 83-85, 89-97, 100-106 are various business valuation textbooks and articles. To the extent FMCC submits these exhibits as learned treatises, periodicals, or pamphlets, the Trustee does not object to FMCC's use of statements within these materials during direct or cross-examination of the parties' expert witnesses. However, if any such statements are admitted, they may only be read into evidence but not received as an exhibit. *See* F.R.E. 803(18).

### FMCC Exhibits 87-88, 98-99

4.      FMCC Exhibits 87-88, 98-99 are also learned treatises, but they focus on the various forms and characteristics of Ponzi schemes. In light of the Court's ruling that the Trustee may not invoke the Ponzi-Scheme Presumption to satisfy the intent element of § 548(a)(1)(A) (Adv. Dkt. No. 321 at 34), these exhibits are not relevant to any disputed claims and defenses in this adversary proceeding. The Trustee therefore objects to FMCC's use of these materials during trial. Alternatively, if the Court permits FMCC to refer to statements within these materials during direct or cross-examination of the parties' expert witnesses, then any statements referenced should only be read into evidence rather than admitted as an exhibit. *See* F.R.E. 803(18).

### FMCC Exhibits 762-764

5.      FMCC Exhibits 762 and 764 are the affidavits of Rick Dykes and Shane Smith, respectively. Exhibit 763 is the declaration of Linda Lundy. These proffered exhibits were prepared in connection with this adversary case at the request of FMCC. These exhibits constitute inadmissible hearsay to the extent they are being offered for the truth of the matters asserted therein and are not subject to any valid exception. *See* F.R.E. 801; *United States v. Demmitt*, 706 F.3d 665,

671 (5th Cir. 2013) (reciting that hearsay includes a "written assertion . . . that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). The Trustee therefore objects to the admission of these exhibits.

### **FMCC Exhibits 1429-1430**

6.  FMCC Exhibits 1429-1430 are emails between counsel in this adversary case concerning the identification and designation of the Trustee's expert witnesses. The Trustee objects to these exhibits as not being relevant to any disputed claims and defenses in this adversary proceeding.

### **FMCC Exhibits 1434-1435**

7.  FMCC Exhibits 1434-1435 are items that FMCC referenced during the depositions of Robert Reilly and Joseph Danko, but neither item was introduced as an exhibit during the depositions. The Trustee believes that FMCC's counsel prepared these items for use during those depositions. The Trustee objects to these exhibits as hearsay if offered for the truth of the matters asserted therein, and they are not subject to any valid exception. *See* F.R.E. 801. Alternatively, to the extent the Court determines that it is proper for FMCC to question Mr. Reilly and Mr. Danko about the contents of the exhibits, then those exhibits should be treated as demonstratives and should only be referenced during trial rather than admitted.

### **FMCC Exhibits 1456-1458**

8.  FMCC Exhibits 1456-1458 are characterized as Rule 1006 summaries: Exhibit 1456 allegedly reflects transfers between Reagor-Dykes and FMCC; Exhibit 1457 allegedly reflects vehicles sold by Reagor-Dykes each month; and Exhibit 1458 allegedly shows Reagor-Dykes' monthly vehicle revenue. A summary of records may be used to reduce voluminous records

that cannot be conveniently examined in court. F.R.E. 1006. However, a summary is only admissible when the primary records have been made accessible to the opposing party for inspection. *See, e.g.*, *Harris v. U.S.*, 356 F.2d 582, 585 (5th Cir. 1966) (summaries appropriate when "thorough cross-examination is afforded and relevant records are available for inspection"); *Azcona v. U.S.*, 257 F.2d 462, 466 (5th Cir. 1958) (same). FMCC did not provide copies of these exhibits to the Trustee, and FMCC has not identified the primary records that underlie these summaries. In response to the Trustee's request for copies of these exhibits, FMCC stated that these items will be offered for demonstrative purposes only and that they were described as Rule 1006 summaries out of an abundance of caution. In light of FMCC's position, the exhibits should be treated as demonstratives and should not be admitted. However, to the extent that FMCC attempts to admit these items into evidence during trial, the Trustee objects because FMCC failed to exchange these items with the Trustee by the deadline in the Court's scheduling order, FMCC failed to identify the primary records that underly these summaries, and as a result, the Trustee has not been afforded a fair opportunity to verify the accuracy of the items purportedly summarized.

Respectfully Submitted,

**BRACEWELL LLP**

By: */s/ Bryan S. Dumesnil*
    Bryan S. Dumesnil
    State Bar No. 00793650
    bryan.dumesnil@bracewell.com
    Bradley J. Benoit
    State Bar No. 24012275
    brad.benoit@bracewell.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    (713) 223-2300 – Telephone
    (800) 404-3970 – Facsimile

**COUNSEL TO PLAINTIFF DENNIS FAULKNER, CREDITORS' TRUSTEE**

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedures via the Court's electronic filing service on June 6, 2023.

                                            /s/ *Bryan S. Dumesnil*
                                            Bryan S. Dumesnil

DM-#8253689